**RUSSELL CONSTRUCTION COMPANY et al., Appellants,**

v.

**WORKMEN'S COMPENSATION BOARD et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 1, 1965.

Rehearing Denied Jan. 21, 1966.

Robert G. Hunt, King, Deep, Branaman & Hunt, Henderson, for appellants.

Robert Matthews, Atty. Gen., Frankfort, William L. Sullivan, Dorsey & Sullivan, Henderson, for appellees.

WADDILL, Commissioner.

Appellee, Cosby Melton, a common laborer, who was 62 years of age when injured, obtained from the Workmen's Compensation Board an award of total permanent disability (KRS 342.090) for injuries sustained while working for the appellant, Russell Construction Company.

On this appeal several grounds are urged for the reversal of the circuit court judgment upholding the award, the chief one being that there is insufficient evidence to support the finding of either total or permanent disability.

Appellee was seriously injured while assisting other employees in laying a heavy pipeline for the appellant. The dirt on the side of the trench in which appellee was working caved in, pitching part of a digging machine onto his back. Medical testimony described his injuries as: A deep laceration over his left shoulder; a pneumal thorax (which is a partially collapsed lung); a broken back (specifically fractures of the twelfth dorsal and the lumbar vertebrae); several fractured ribs and a fractured left collar bone.

Dr. W. H. Cave, who rendered emergency treatment and thereafter attended appellee, testified that initially the shoulder laceration was taken care of and subsequently appellee was placed in a body cast which was worn for several weeks. Approximately one month later, Dr. Cave performed an operation which was described as an open reduction of the left collar bone. He stated the appellee remained in the hospital for about two months and, following his discharge from the hospital, he treated appellee about ten times. As to the nature of appellee's recovery Dr. Cave stated that the wires placed to hold the fractured collar bone together broke and appellee has a non-union of the left clavicle. While the vertebrae have healed, appellee does not have full motion of his left shoulder. It was Dr. Cave's opinion that appellee has reached maximum recovery from his injuries, that he is physically unable to perform duties requiring laying pipe or other similar work and that he cannot compete in the labor market for jobs requiring heavy manual labor. With respect to whether the disability is permanent, Dr. Cave stated that the separation or non-union of the clavicle fracture is permanent.

Dr. F. H. Zeier, an orthopedic surgeon, examined appellee approximately eight months after he was injured. This surgeon found a non-union and deformity of the appellee's left clavicle. He observed that appellee had some limitation of motion of the left arm and shoulder, a definite kyphotic posture and pain in the lower dorsal region. He stated further that the non-union of the clavicle was probably due to his age and that the condition could be remedied by a bone graft. Dr. Zeier fixed appellee's permanent disability at 27.5 per cent.

An official of the labor union, to which appellee belongs, stated that appellee's disability would not only handicap him in competing in the labor market but would make him ineligible for job placement by his union except as a watchman or flagman. It was established by lay testimony that prior to the injury appellee had been performing manual labor since his youth.

■ Upon the consideration of the whole case we find ample evidence to justify a finding of total permanent disability. See Leep v. Kentucky State Police, Ky., (1963), 366 S.W.2d 729, 731.

■ Appellant next contends that the Board should have made the Subsequent Claim Fund a party defendant and should have also apportioned part of the award against it. KRS 342.120. This contention is based upon that portion of Dr. Zeier's testimony that the X-rays of appellee's back revealed some degenerative intervertebral disc disease in the lower lumbar region. Apparently the Board did not believe this

condition had been disabling to any apportionable degree prior to the accident in view of the fact that appellee was lifting and laying heavy pipe at the time of the accident. We observe that Dr. Zeier did not attempt to evaluate its disabling effect and Dr. Cave attached no significance to it other than describing it as part of the aging process. Under these circumstances the Board was not required to make the Subsequent Claim Fund a party defendant.

Finally it is contended that appellee is not entitled to damages in the event of an affirmance of the superseded circuit court judgment. We decline to consider this contention because it has been prematurely presented to this Court.

The judgment is affirmed.