**Guthrie HOPKINS, Appellant,**

**v.**

**WISCOMBE SOUTHERN PAINTING COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

May 6, 1966.

————◆————

A. Roy Copeland, Andrew J. Palmer, Paducah, for appellant.

Robert Matthews, Atty. Gen., J. Keller Whitaker, Frankfort, Terrell, Schultzman & Hardy, Paducah, Stuart E. Alexander, Louisville, for appellees.

MILLIKEN, Judge.

This is an appeal from an order of the trial court reversing and remanding the case to the Workmen's Compensation Board for a reconsideration of the degree of disability found by the Board. The Board had found the claimant to be permanently and totally disabled in his work as a construction painter, and the trial court concluded on appeal of the award that his work record clearly indicated that he was only partially disabled.

Besides the pay scale, construction painters are distinguished from ordinary house painters and decorators by the nature of their work which involves the use of sandblasting equipment and compressed air and the use of scaffolding and hoists, and requires considerable physical strength and agility from its practitioners who often work at heights over a hundred feet. The claimant here was suspended in a bosun's chair cleaning the surface of Barkley Dam when struck on his helmet by a crowbar dropped from above. The helmet was shattered, the claimant was dazed, but apparently able to lower himself to the ground and get help. He suffered fractures of the spinus processes of the fifth, sixth and seventh cervical vertebrae, and did not return to work for approximately four months. The medical testimony placed his permanent disability at from 5% to 10% of the body as a whole without relating it to his vocation.

The claimant had been a construction painter for eighteen years and was established in his vocation as one who could do all aspects of the work. Since his return to work he has found himself limited in his ability to do several of the required aspects of his vocation as a construction painter. For example, he has not been able to hang his own rigs, pull his own weight and get around like he did before the accident, but has been favored with work at lower levels. He has had fairly steady job opportunities in Birmingham, Memphis and Cincinnati, places where he worked at various times since his injury. However, he has had to rest a bit longer between jobs.

A former Union supervisor testified as to the claimant's reduced capacity for the work, his inability to lift and to move about with his normal ease. While the claimant has enjoyed an increased pay scale since his injury and in that sense is doing well, we have the impression that his current ability to find employment as a construction painter in his present condition has been caused by an apparent shortage of such skilled workers, and that the claimant will experience a disproportionate difficulty in obtaining such work when the demand and supply for construction workers becomes better balanced unless, of course, the claimant's physical condition improves.

We have not gone into further detail in discussing the testimony for, like the trial court, we conclude that the claimant's current disability, though probably permanent, is presently partial and not total, and agree with the trial court that the case should be remanded to the Board for an evaluation of the percentage of permanent, partial disability. If, in time, through a change of condition, claimant does become totally disabled the Board may reconsider.

The judgment is affirmed. .