**HIGHLAND ROOFING & SHEET METAL COMPANY, Appellant,**

v.

**Jack D. HELMS, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1966.

Neville Parker Matthews, pro se.

Lloyd R. Cress, Asst. Atty. Gen., Robert Matthews, Atty. Gen., for respondent.

———◆———

Bill V. Seiller, Jones, Ewen, MacKenzie & Peden, Louisville, for appellant.

John E. Wise, Louisville, for appellee.

DAVIS, Commissioner.

The Workmen's Compensation Board made an award allowing appellee Jack D. Helms to recover compensation based on temporary, total disability for 74 weeks, and 25% permanent, partial disability for a period of 326 weeks, plus the medical allowances permitted by statute. Upon appeal to the circuit court by the injured employee Helms, a judgment was entered setting aside the Board's award and directing the Board to make an award based on total, permanent disability. The employer seeks to reverse that ruling of the circuit court on the ground that the evidence before the Board was not so conclusive as to require a finding of total, permanent disability, but warranted the Board's finding.

Appellee had been working for appellant as a roofer's helper for about three weeks when he fell and was seriously injured. The accident was work-connected and occurred November 1, 1962. There was a comminuted fracture of appellee's left ankle. After extensive treatment it was found necessary to perform a bone fusion at the site of the injury. The testimony of all the doctors reflects that appellee will never be able to function as a roofer's help-er. It was explained by the medical evidence that the limitation of motion in appellee's injured ankle would make it dangerous for him to work as a roofer's helper or at any other occupation requiring him to climb or work above ground level.

There was medical testimony that appellee could perform some types of manual labor, and that his disability rating is 25% to the body as a whole. The Board accepted the testimony of the medical witnesses who rated appellee's permanent disability at 25%.

The trial court delivered an opinion incident to setting aside the Board's award. In the opinion the court laid stress on the record's revelation that appellee will never be able to perform roofing work. It seems fair to say that the trial court's thesis of the case is summarized in this excerpt from the opinion of the court:

"In the within case there is no room for a reasonable difference of opinion. Every physician who testified on the question unequivocally testified Helms would never be able to work as a roofer."

As noted, the record supports that statement of the trial court. The critical question, however, is whether the same record warrants the determination that the "occupational classification" of appellee was "roofer" or "roofer's helper"—or either.

The following summary of appellee's work experience and training is evolved from his testimony, and is not disputed. Appellee, age 28 at the time of the accident, completed only six grades of elementary school. He is married and is the father of four children. Helms had been engaged as a roofer's helper for about three weeks before the accident occurred. When asked by his counsel to relate the nature of his general employment throughout the years he responded: "It's laboring, just labor." Prior to the accident appellee had worked in various capacities, including jobs as a laborer in a chemical plant, in the Texas oil fields, as a window-washer, and as a one-

man roof contractor. Since the accident he has worked for a friend doing some painting; he has done cleaning and repair work in a firecracker stand, and when he testified (July 30, 1964) he had a job with the city of Wichita Falls, Texas, driving a pick-up truck. He related that prior to obtaining the last mentioned employment he was required to submit to a physical examination, and that his record had been flagged with the notation that he was " * * * to do light work and have little walking." He was earning $221 per month, working 40 hours per week, in his city job.

The trial court considered our opinion in Leep v. Kentucky State Police, Ky., 366 S.W.2d 729, as bolstered by Methodist Hospital of Kentucky v. Ratliff, Ky., 391 S.W.2d 676, as dispositive of this litigation. Russell Construction Co. v. Workmen's Compensation Board, Ky., 397 S.W.2d 357, is called to our attention by appellee as additional authority to sustain the judgment of the trial court.

 The fundamental tenet of those decisions, and others which are cited in them, is that an employee is deemed to be totally, permanently disabled " * * * if [the workman] is totally disabled from the performance of work in his former occupational classification and his capacity to perform other kinds of work is impaired * * *." Leep v. Kentucky State Police, Ky., 366 S.W.2d 729, 730; E. & L. Transport Co. v. Hayes, Ky., 341 S.W.2d 240, 241, 84 A.L.R.2d 1102. It must not be overlooked that the rule relates to the workman's disability to perform work in his "former occupational classification," coupled with an impairment of his ability to perform other kinds of work. The record before us supports the finding that the "former occupational classification" of appellee was as a general laborer. The record does not support the proposition that his former occupational classification was "roofer," or "roofer's helper." It is true that he had engaged in those activities, albeit very briefly. It is likewise true that he had engaged in totally unrelated activities, all of which properly fall within the scope of general labor. In this state of case, the Board was warranted in finding that the appellee has sustained a *partial* impairment of his ability to perform in his general classification as a general laborer—not a *total* disability for work in that occupational classification. This view of the case is buttressed by evidence that appellee has, and continues to engage in general labor types of activity since the injury. See Hopkins v. Wiscombe Southern Painting Company, Ky., 402 S.W.2d 690, and Everidge v. Nickells Coal Company, Ky., 394 S.W.2d 449, as typical decisions upholding the proposition that the term "occupational classification" is not to be so narrowly restricted as was done by the trial court.

It follows, therefore, that the Board's award was based upon reliable, probative, and material evidence in the record and the trial court was in error in vitiating the Board's award. KRS 342.285.

The judgment is reversed with direction to enter a new judgment affirming the award of the Workmen's Compensation Board.