**Hubert CAMPBELL, Appellant,**

v.

**HARRIS BROTHERS CONSTRUCTION COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

March 24, 1967.

Burke & Justice, Pikeville, for appellant.

Robert Matthews, Atty. Gen., Frankfort, Jack T. Page, Stephens, Combs & Page, Pikeville, Stuart E. Alexander, Louisville, J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for appellees.

WADDILL, Commissioner.

This is an appeal from a judgment upholding an award of the Kentucky Workmen's Compensation Board based upon the finding that appellant is 20% permanently disabled from an injury he sustained in his employment with appellee. The only contention is that appellant is entitled as a matter of law to an award for total disability.

Appellant, age 35, has been employed by the appellee for approximately fourteen years. He characterized his employment as a "lineman," the duties of which included building new lines, removing and setting new poles and rendering house service. At times he was required to climb poles and string wire thereby necessitating a full range of arm motion.

On May 13, 1964, while appellant was engaged in his duties for appellee he came into contact with a hot-wire and received a severe electrical shock which caused a dislocation of the right shoulder and a fracture of the glenoid realm. Appellant returned to work for appellee during December 1964 and the next month he was promoted to a supervisory position in which capacity he is foreman of a crew of linemen.

Upon submission of appellant's claim for compensation the only issues before the

board were the extent and duration of appellant's disability. Concerning these issues there is sharp disagreement between the two physicians who testified. Doctor W. C. Hambley, an orthopedic surgeon, stated the appellant has a 33⅓ per cent disability to the right shoulder which he translated to a 10–15 per cent disability to the body as a whole. Doctor Hambley was of the opinion that, because of the limitation of the motion in appellant's right shoulder, he would be incapable of performing the duties of a lineman. As to his physical limitation for other activities Doctor Hambley stated:

" * * * I would say he would be able to do most ordinary manual employment —Well, for example, as a painter, he would have some limitations for overhead painting. He could even do electrical work where it was not—where he didn't require climbing, the ordinary inside, probably, electrical work, but as a matter of fact I think probably the Company could find something for him to do within their own company that didn't require his work as a lineman and he might have to take a pay decrease because of re-classification."

Doctor Kearns Thompson, also an orthopedic surgeon, stated that, while appellant has sustained an impairment of the right extremity, this impairment would lessen because the atrophy in the muscles of the shoulder would decrease with use. Doctor Thompson was of the opinion that appellant is now physically able to perform all of his former employment duties.

In substance, appellant argues that the job of lineman and that of foreman of a crew of linemen are not in the same occupational classification. It is argued further that, since appellant's injury prevents him from working as a lineman and in view of the fact his capacity to perform other types of work is impaired he is entitled to compensation for total disability. It is urged that the rule to be applied is that an injured employee is entitled to total disability benefits provided by KRS 342.095 when he is totally disabled from the performance of work in his former occupational classification and his capacity to perform other kinds of work is impaired. Highland Roofing & Sheet Metal Company v. Helms, Ky., 407 S.W.2d 132; Leep v. Kentucky State Police, Ky., 366 S.W.2d 729; E. & L. Transport Co. v. Hayes, Ky., 341 S.W.2d 240, 84 A.L.R.2d 1102.

■ The fallacy of appellant's contention is that the evidence fails to establish that appellant is unable to perform the work in his former occupational classification and the companion requirement that his capacity to perform other kinds of work is seriously impaired.

■ Doctor Thompson was of the opinion that appellant is able to work as a lineman. Appellant's own physician, Doctor Hambley, thought appellant could perform most of the duties of an electrical worker, a painter, or most jobs requiring manual labor. The medical testimony alone is amply sufficient to support the finding of 20% partial permanent disability as found by the fact-finder rather than the 100% disability for which appellant contends.

The facts and contentions made in the instant case are similar to those in Hopkins v. Wiscombe Southern Painting Company, Ky., 402 S.W.2d 690. Therein we affirmed a judgment which had reduced an award for total and permanent disability to one for partial permanent disability.

The judgment is affirmed.

All concur except HILL, J., who was not sitting.