**ALTIZER COAL COMPANY, Inc., Appellant,**

**v.**

**Grayson CLEVINGER et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 24, 1967.

pc

Fred B. Redwine, Sanders & Redwine, Pikeville, for appellant.

Robert Matthews, Atty. Gen., Frankfort, Kelsey E. Friend, Friend & Mullins, Pikeville, Stuart E. Alexander, Louisville, Paul D. Rehm, Versailles, Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellees.

WADDILL, Commissioner.

On this appeal the only ground relied on for reversal is that the Workmen's Compensation Board erred in refusing to hold the Special Fund liable for payment of a portion of the award obtained by appellee, Grayson Clevinger, against appellant, Altizer Coal Company, his employer. We affirm the judgment of the circuit court upholding the award and absolving the Special Fund from liability.

While Clevinger was working in the underground coal mine of his employer he was crushed by a slate fall. He sustained serious injuries to his back, hips and legs.

Appellant concedes that Clevinger is totally disabled and is entitled to an appropriate award under the Workmen's Compensation Act. However, it is argued that the Board should apportion the disability under KRS 342.005(2) so as to cause the Special Fund to make a contribution to the payment of the award. This argument is based upon the fact that when Clevinger was a child he had contracted poliomyelitis and that this disease resulted in his right leg being 1½ inches shorter and somewhat smaller than his left leg.

While a physician testified this condition caused Clevinger to have a functional disability of 12½ per cent, the Board found as a fact that prior to the injuries he had received in the slate fall Clevinger had no occupational disability. The Board further found that the cause of his present occupational disability was the slate fall.

Under these findings, which are amply supported by the evidence, the Board was justified in concluding that the award should not be apportioned. KRS 342.005(3). It is apparent to us that appellant's argument is predicated upon the erroneous assumption that a preexisting condition automatically necessitates an apportionment of the award. Inland Steel Co. v. Mosby, Ky., 375 S.W.2d 268; cf. Estep Coal Co. v. Ward, 421 S.W.2d 367.

We conclude that the circuit court correctly upheld the award of the Board.

The judgment is affirmed.

All concur.