Clyde STALKER, Appellant,

v.

HAWKINS BROTHERS COAL CO., Inc., et al., Appellees.

Court of Appeals of Kentucky.

Dec. 13, 1968.

Ronald W. May, Pikeville, for appellant.

E. R. Hays, Pikeville, Thomas R. Emerson, Special Fund, Dept. of Labor, J. Keller Whitaker, Workmen's Compensation Bd., Frankfort, for appellees.

OSBORNE, Judge.

This case involves a claim under the Workmen's Compensation Act, KRS 342.001, etc. The only question in issue is the extent of claimant's disability. Two doctors testified in the case; both substantially agreed that appellant Stalker had 10% functional disability but due to the fact that he was employed as a miner he would be unable to return to work. Upon the basis of the medical testimony and previous decisions in such cases as Leep v. Kentucky State Police, Ky., 366 S.W.2d 729; Sullivan v. Foster & Creighton Company, Ky., 394 S.W.2d 917; E. & L. Transport Company v. Hayes, Ky., 341 S.W.2d 240, 84 A.L.R.2d 1102; Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905, and Ed. Hall Drilling Company v. Profitt, Ky., 424 S.W.2d 403, the Board awarded total disability. The circuit court reversed the Board and reduced the disability to 10% permanent partial.

We are of the opinion the court was in error and the award of the Board should be affirmed. This case, upon its facts, is practically identical with Osborne v. Johnson, Ky., 432 S.W.2d 800 (decided March 8, 1968) and is controlled by the principles set out therein. In the Osborne case, supra, we reversed the Leep case and those following it which were relied upon by the Board. However, there reversal was made prospec-

tive and therefore that decision is not controlling as this claim was filed prior to the rendition of our opinion in the Osborne case. Therefore, the Board properly allowed total disability and the action of the circuit court reversing was in error.

The judgment is reversed.

All concur.