**CRIB DIAPER SERVICE et al., Appellants,**

v.

**Charles P. STANDIFER et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 24, 1969.

William G. Lehnig, Duncan & Lehnig, Louisville, for appellants.

Martin Glazer, Thomas Emerson, Dept. of Labor, Frankfort, for Special Fund.

Robert C. Carter, Louisville, for Chas. P. Standifer.

J. Keller Whitaker, Secretary, Workmen's Compensation Bd., Frankfort.

REED, Judge.

The Workmen's Compensation Board made an award of compensation to Charles Standifer on the basis of 50 per cent permanent partial disability, apportioned between his employer, Crib Diaper Service, and the Special Fund. On appeal to the circuit court, judgment was entered setting aside the Board's order and remanding the case to the Board with direction to enter an award for total permanent disability. Standifer's employer, Crib Diaper Service, and the Special Fund have appealed.

The only question in issue is the extent of Standifer's disability.

Standifer was a relief truck driver for a diaper service. This particular job neces-sitated his driving a truck and carrying loads of diapers to and from the homes of customers on his route. While engaged in this job, he sustained a compensable work-connected injury to his neck and back when a truck of his employer in which he was riding as a passenger collided with an automobile. At the time of the accident, he was earning $85.00 per week. After his injury he secured a regular job as an assembler of plastic picture frames. He has been earning $60.00 a week at this job.

The medical evidence established the presence of a dormant pre-existing disease affecting Standifer's back which had been aroused into disabling reality by the accident. The Special Fund was joined as a party and Dr. K. Armand Fischer was appointed by the Board pursuant to KRS 342.120 to make an examination and report. This report stated that Standifer had a permanent partial disability to the body as a whole of 50 per cent, 25 per cent of the disability attributable to the injury for which claim had been filed and the other 25 per cent attributable to the pre-existing condition. Standifer filed timely written objections to this report and Dr. Fischer's deposition was taken and considered as part of the evidence by the Board. Two physicians testified on behalf of Standifer that in their respective opinions he was totally disabled from doing the work which he was performing at the time of his injury. Dr. Fischer testified that Standifer could not do heavy lifting, but that his determination of the disability was based upon occupational as well as functional factors. Dr. Robert Kiesler, testifying on behalf of the employer, stated that in his opinion Standifer could perform the work he was doing at the time of his injury with mild pain and discomfort.

The Board found upon the foregoing evidence that Standifer had an occupational disability of 50 per cent permanent partial disability to the body as a whole and apportioned the disability equally between the employer and the Special Fund.

The circuit court held that Leep v. Kentucky State Police, Ky., 366 S.W.2d 729; Methodist Hospital of Kentucky v. Ratliff, Ky., 391 S.W.2d 676, and Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905, to which can be added the cases of Osborne v. Johnson, Ky., 432 S.W.2d 800, and Stalker v. Hawkins Bros. Coal Co., Ky., 434 S.W. 2d 812 (1968), both of the latter two cases having been decided after the circuit court judgment herein, required that the award of the Board be reversed and that the Board be directed to make an award for total and permanent disability in Standifer's favor.

■ The rule stated in the above cited cases is that if the injured worker is unable to perform the work in his former occupational classification, and his capacity to perform other kinds of work is seriously impaired, then he is to be considered as totally and permanently disabled for purposes of workmen's compensation. This approach has been modified by the opinion in Osborne v. Johnson, Ky., 432 S.W.2d 800, but that opinion has prospective application only and does not govern the instant case.

Several important distinctions exist, however, in the factual situations presented in the cases relied upon by the trial court and the facts which the Board had before it when it made its award.

At the time of the injury, Standifer was working as a relief driver for a diaper service. At the time of the injury he was training a new driver. Prior to this job with the diaper service, he had worked as a laborer and as a driver for establishments making deliveries to retail stores as a sort of route man. After the injury he has been regularly employed as an assembler of plastic picture frames, which the record establishes is a manufacturing enterprise and cannot be described as work which can only be performed by the sedentary or handicapped. At the time of his injury he was making $85.00 a week. He is now earning $60.00 a week in regular employment.

■ In Highland Roofing and Sheet Metal Company v. Helms, Ky., 407 S.W.2d 132, we pointed out that the term "occupational classification" was not to be so narrowly restricted as to ignore reality. In that case we regarded the continued employment of the worker in a job not generally performed only by the handicapped or seriously impaired as evidence that the worker had a partial rather than total disability in his general occupational classification.

In Campbell v. Harris Bros. Construction Company, Ky., 413 S.W.2d 86, we again refused to apply a restrictively narrow concept of "occupational classification" so that a finding of total disability as a matter of law would be impelled. In the Campbell case, we held that the medical testimony alone was sufficient to support the Board's findings.

■ In the instant case, the testimony of Dr. Kiesler which was positive in character and not negative, squarely supports the Board's finding in that Dr. Kiesler testified that Standifer could engage in the same work but with some mild pain and discomfort.

■ It was the function of the Board to determine the occupational disability of Standifer. See Round Mountain Coal Co. v. Tackett, Ky., 433 S.W.2d 128.

The Board had competent material evidence of probative value upon which it based its findings. Therefore, they cannot be characterized as "clearly erroneous."

We are of the opinion the trial court erred in setting aside the Board's award.

The judgment is reversed with directions to enter a new judgment affirming the award of the Workmen's Compensation Board.

All concur.