C. W. Swinford, Bennett Clark, Stoll, Keenon & Park, Lexington, for appellees.

---

**Maudie FERRELL, Appellant,**

v.

**A. O. SMITH CORPORATION and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Sept. 26, 1969.

STEINFELD, Judge.

Maudie Ferrell was employed by A. O. Smith Corporation to place motors weighing from 15 to 30 pounds on a skid. While performing this task on June 5, 1967,[1] she struck her elbow on a rail causing the motor which she was holding to "pull (her) arm." Instantly she experienced a painful sensation in her elbow. She consulted Dr. Frank Sewell who administered conservative treatment but the next day she returned to work. On June 15, 1967, Maudie requested, and was granted a leave of absence to undergo surgery for carci-

---

1. A date before our decision in Osborne v. Johnson, Ky., 432 S.W.2d 800 (1968).

noma unrelated to the injury. She testified that her arm continued to pain so she saw Dr. Carl Friesen who recommended surgery which was performed by Dr. Edwin Jones on October 10, 1967. Later she went to Dr. T. R. Miller. She was advised to return to work by Drs. Sewell and Jones and did so on December 6, 1967, but she was cautioned that for a while she should not lift motors weighing in excess of 15 pounds. Work of that type was available and given to her. After working only one-half day she concluded that she was unable to perform her duties and left the employment. She had not worked at any other occupation up to the time of the hearing.

Maudie filed a claim for benefits under the workmen's compensation law, contending that she was totally and permanently disabled. The board made an award to her for temporary total disability followed by permanent partial disability of 15% to the body as a whole, and her medical expenses. She appealed to the circuit court which affirmed the board. From that judgment she now appeals arguing that she was entitled to benefits based upon total permanent disability, or alternatively to an "open end" award. We affirm.

Maudie testified that she was unable to work at her former or any occupation for which she was qualified and could not even perform her housework. Four physicians testified, generally agreeing that her injury had caused an inflammation of the epicondyle which condition is also known as tendonitis, bursitis or tennis elbow. After explaining her handicaps they assessed her disablement. Dr. Sewell rated her permanent disability at 10% to the body as a whole. Dr. Jones would give no estimate as to the extent of her permanent disability but expressed the opinion that there was some. Dr. Samuel Hodges, who examined the appellant only one time, stated that he could find no objective medical evidence of physical limitation of motion or disability and all of his findings related solely to Mrs. Ferrell's subjective complaints but he assigned a permanent disability rating of 20% to the body as a whole. He believed that Mrs. Ferrell could perform duties with the right arm and elbow requiring lifting weights of up to 10 pounds. Dr. Miller fixed her disability at 5 to 7½%.

Maudie's counsel argues that she is " * * * unable to compete for work in the labor market" and " * * * that if she is ever able to work again, she will have to seek manual labor." He cites and quotes from E. & L. Transport Company v. Hayes, Ky., 341 S.W.2d 240, 84 A.L.R.2d 1102 (1960), "* * * if a workman is totally disabled from the performance of work in his former occupational classification and his capacity to perform other kinds of work is impaired, he is entitled to compensation for total disability." It is true that the claimant stated that she could not work but medical testimony was that "(s)he had regained full motion of the elbow, wrist and fingers * * *" although she continued to experience some pain. A physician who treated Maudie testified that she was able to perform " * * * work duties which required the lifting of motors weighing up to 30 pounds." Several of the doctors recommended that she return to her employment but to do light work for the present.

This testimony and the other evidence before the board authorized it to translate the physical limitations into 15% occupational disability. Oaks v. Beth-Elkhorn Corporation, Ky., 438 S.W.2d 482 (1969). It is the fact-finding agency and its position is that of the jury. South 41 Lumber Company v. Gibson, Ky., 438 S.W.2d 343 (1969). The circuit court was correct in refusing to disturb the award. Crib Diaper Service v. Standifer, Ky., 436 S.W.2d 501 (1969) and Baker v. Codell Construction Co., Ky., 437 S.W.2d 759 (1969).

The judgment is affirmed.

All concur.