**BROWNIES CREEK COLLIERIES, INC., et al., Appellants,**

v.

**George WILLIAMS and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Jan. 30, 1970.

Rehearing Denied March 13, 1970.

Martin Glazer, Thomas R. Emerson, Department of Labor, Frankfort, William A. Rice, Gayle G. Huff, Rice & Huff, Harlan, for appellants.

Julian R. Gabbard, Lexington, for appellees.

STEINFELD, Judge.

Appellee, George Williams, was injured on September 15, 1966, in the course of his employment with appellant, Brownies Creek Collieries, Inc. The injury aroused a pre-existing latent disease condition. He was away from his employment for a while be-

cause of the resulting disability. He returned to his former occupation and averaged working 3½ days out of a six-day-work week. Before proof was completed on his claim he was working about five days each week. At the time of his injury his salary was $850 per month as the chief electrician and foreman of the mine and that salary has never been discontinued. Before September 15, 1966, he was a foreman doing electrical work, repairing motor vehicles and coal machines. He did welding and used the cutting torch. This work required heavy lifting. He had about eight men under him and he was responsible for their work and kept record of their time. After he returned he worked in the office and mainly directed other men what to do in making the repairs which he had formerly made. In March 1967 when the superintendent of the mine was away for thirty days Williams acted as superintendent. He could no longer lift heavy objects, had pain in his back and legs and night disturbances.

Williams claimed permanent and total disability. KRS 342.095. The Workmen's Compensation Board awarded medical expenses and $20 per week not to exceed 400 weeks from September 15, 1966, against his employer and against the Special Fund $24 per week for 400 weeks and $44 per week for 25 additional weeks. The employer and the special fund appealed to the circuit court which affirmed. From that judgment they appeal here. We reverse.

The question they present is "Where a workmen's compensation claimant, following an on-the-job accident that produces functional disability, returns to work for his same employer at his same job rendering invaluable services and drawing his full salary of $850 per month, though not doing the heavy lifting that he had done before the accident, the claimant being highly skilled and knowledgeable concerning equipment, machinery, and electrical systems essential to the operation of a modern mechanized coal mine, is the claimant occupationally permanently and totally disabled within the meaning of the Kentucky Workmen's Compensation Act?" Of course, they argue that the answer is a resounding "No", and say that Williams " * * * has been, and is today, a loyal and dedicated employee of the company, that his capabilities relative to the operation of a coal mine are rare and exceptional * * * that he is drawing full salary, * * * working regularly, * * * rendering valuable * * * services * * * " etc.

The claim was filed before the effective date of our opinion in Osborne v. Johnson, Ky., 432 S.W.2d 800 (1968), which was given prospective application. Williams' right to benefits is controlled by our announcements in Allen v. Com., Dept. of Highways, Ky., 425 S.W.2d 283 (1968); Wilson v. Hart County Stone Co., Ky., 433 S.W.2d 649 (1968); Baker v. Codell Construction Co., Ky., 437 S.W.2d 759 (1969) and South 41 Lumber Co. v. Gibson, Ky., 438 S.W.2d 343 (1969).

We conclude, as a matter of law, that Williams is not totally disabled. The performance of heavy physical labor was not an essential requirement of his occupational classification, as distinguished from being a predominant requirement, as would be the case with an unskilled laborer. Deby Coal Co. v. Roark, Ky., 360 S.W.2d 511 (1962). His special occupational capabilities were not so substantially destroyed as was the case in Leep v. Kentucky State Police, Ky., 366 S.W.2d 729 (1962). He satisfies at least some of " * * * the requirements of his work * * * " Allen v. Com., Dept. of Highways, supra; Baker v. Codell Construction Co., supra; South 41 Lumber Co. v. Gibson, supra. However, he is unable to follow all the duties and tasks he performed before the injury, therefore, there was proof of partial occupational disability. He was entitled to be compensated for something less than total disability. Wilson v. Hart County Stone Co., supra; Crib Diaper Service v. Standifer, Ky., 436 S.W.2d 501 (1969).

The judgment of the circuit court is reversed for entry of a judgment remanding to the board for a determination of the extent of the occupational disability of Williams and an award based upon that finding.

All concur.