**Frederick J. WALSH, Appellant,**

**v.**

**JOHN F. HUMPHREY COMPANY and Travelers Insurance Co., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 2, 1970.

As Modified on Denial of Rehearing Feb. 19, 1971.

Willam C. Jacobs, Lexington, for appellant.

Leslie W. Morris, Stoll, Keenon & Park, Lexington, J. Keller Whitaker, Frankfort, for appellees.

PALMORE, Judge.

Frederick John Walsh appeals from a judgment sustaining an open-end award in his favor by the Workmen's Compensation Board based on partial disability. He contends that as a matter of law the award

should be for total disability. The case arose before the effective date of the rule set forth in Osborne v. Johnson, Ky., 432 S.W.2d 800 (1968), and involves the applicability, vel non, of Leep v. Kentucky State Police, Ky., 366 S.W.2d 729 (1962), and other similar decisions which have been modified by *Osborne*.

Walsh is a sheet metal mechanic of some 25 to 30 years' experience and was 56 years of age when he fell from or through a scaffolding and suffered a badly fractured heel, by reason of which he was unable to work at all for 10 months. Most of his regular work consisted of installing duct work and other structural equipment for air conditioning. He estimated that this required ¾ of his time above the ground in climbing and lifting. It is conceded that he is now and for an indefinite time in the future will be unable to do that phase of the work. However, he is doing fabricating work in the shop of the same employer at a wage scale equal to or better than he was earning in the field, and it is his ability to perform this inside work that is the basis for the finding that he is not totally disabled within the meaning of the workmen's compensation law.

■ It was acknowledged in Department of Economic Security v. Adams, Ky., 450 S.W.2d 819, 824 (1970), that under the *Leep* approach any substantial impairment of a common laborer's physical capabilities results in total disability. But it is not so with respect to a workman whose occupational abilities and experience are broad enough to afford a reasonable prospect of securing other employment in the same general field. See, for example, Hopkins v. Wiscombe Southern Painting Co., Ky., 402 S.W.2d 690 (1966); Highland Roofing & Sheet Metal Co. v. Helms, Ky., 407 S.W.2d 132 (1966); Joseph v.

Blue Diamond Coal Co., Ky., 408 S.W.2d 467 (1966); Parker v. Nehi–Royal Crown Bottling Co., Ky., 429 S.W.2d 357 (1968); Muncy v. Peoples Rural Tel. Co. Co-op., Ky., 432 S.W.2d 409 (1968); Crib Diaper Service v. Standifer, Ky., 436 S.W.2d 501 (1969) and Brownies Creek Collieries, Inc. v. Williams, Ky., 450 S.W.2d 237 (1970). It is our conclusion that this case falls within the latter classification.

■ One of the owners of the firm by which the claimant is employed testified that in his opinion more skill is required in the shop work now being done by Walsh than is required in the field work in which he formerly was engaged, and that it must be performed by someone in his occupational classification. Treating this testimony as the only evidence on which the board could have relied in finding that Walsh is not totally disabled from doing the work required in his general occupational classification, counsel for Walsh vigorously contends that the finding has no substantial evidentiary support for the reason that the witness did not qualify as an expert but testified on the mere basis of hearsay. We are persuaded, however, that this argument is excessively technical. It is our opinion that the kind of work Walsh is able to do and actually is doing comes within the occupational classification of a sheet metal mechanic. As observed in Crib Diaper Service v. Standifer, Ky., 436 S.W.2d 501, 503 (1969), and Highland Roofing & Sheet Metal Co., v. Helms, Ky., 407 S.W. 2d 132, 134 (1966), the term "occupational classification" is not to be so narrowly construed as to ignore reality.

The judgment is affirmed.

All concur except OSBORNE, J., who did not sit.