**SOUTHERN PLUMBING, HEATING AND SHEET METAL, INC., Appellant,**

v.

**Richard D. LAWSON, John W. Young, Commissioner, etc., et al., Appellees.**

**John W. YOUNG, Commissioner of Labor, etc., Appellant,**

v.

**SOUTHERN PLUMBING, HEATING AND SHEET METAL, INC., et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 5, 1971.

Jerry L. Moore, Joe B. Campbell, Bell, Orr, Ayers & Moore, Bowling Green, for appellant Southern Plumbing, Heating and Sheet Metal, Inc.

Martin Glazer, Dept. of Labor, Frankfort, for appellant John W. Young, Commissioner, etc.

Gemma H. Harding, Department of Labor, Louisville, for Special Fund.

Richard S. Taylor, Miller & Taylor, Owensboro, for appellee Richard D. Lawson.

CLAY, Commissioner.

This is a workmen's compensation case in which the employee was found by the Workmen's Compensation Board to be totally and permanently disabled. The award apportioned the liability between the employer and the Special Fund, 25% to the former and 75% to the latter. It was confirmed on appeal to the circuit court. Both the employer and the Special Fund have appealed.

The employee was a sheet-metal worker's journeyman. While working on the job and while installing a heavy piece of material, he suffered a relatively mild heart attack. There was substantial medical evidence that the employee had "advancing atherosclerosis"; that it was dormant and nondisabling prior to the incident associated with the heart attack; and that the pre-existing condition was brought into disabling reality by reason of the work-connected "injury." The on-the-job incident was shown to have a substantial causal relationship to the disability resulting from the heart attack.

■ The first contention is that the employee, with the burden of proof, failed to establish that the employer was operating under the Workmen's Compensation Act. Under KRS 342.005(1) it applies to all employers having three or more regular employees. In the absence of proof to the contrary, slight evidence is required for the employee to sustain the burden. Ashland Tree Experts, Inc. v. Smith, Ky., 366 S.W.2d 152 (1963). The employee testified that he and another were working on this particular job, but he also said a superintendent of the employer company was at the job site at least one time and discussed it with the two employees. This makes three.

Under its regulations the Board may take judicial notice of the election of the parties to operate under the Act, and it does not appear from the record that this issue was presented to the Board. The employer filed a "Motion and Special Answer" before the Board but it raised no question of the Board's jurisdiction. Without deciding that the employer is required to present this defense, under the circumstances we think its failure to do so lends support to the Board's assumption that the parties had elected to operate under the Act.

■ Appellants contend that the work-connected incident was simply coincidental with and did not have sufficient causal relationship to the heart attack. The medical evidence in this case brings it clearly within the principles announced in Terry v. Associated Stone Co., Ky., 334 S.W.2d 926 (1960); Grimes v. Goodlett and Adams, Ky., 345 S.W.2d 47 (1961); Inland Steel Company v. Johnson, Ky., 439 S.W.2d 562 (1969); Wyatt v. Federal Materials Co., Ky., 457 S.W.2d 479 (1970); and Young v. L. A. Davidson, Inc., Ky., 463 S.W.2d 924 (decided February 19, 1971). The medical evidence amply justified the Board's finding that the incident on the job was a substantial contributing cause of the heart attack.

The final contention of appellants is that as a matter of law the Board could not properly find the employee to be totally and permanently disabled. As before noted, he had a job classification as a sheet metal worker's journeyman. The heart attack occurred on January 19, 1968. Thereafter he received medical treatment, but one doctor testified:

"* * * the amount of disability that I attribute to the injury is decreasing gradually, and will probably be eliminated completely with a minimal amount of residual disability secondary to his atherosclerosis only."

Another physician had released him to return to a supervisory job rather than one which required substantial physical exertion. In the following April, and thereafter, the employee accepted three jobs as a "ground man" but said that he was unable to continue in these jobs. In July he obtained a regular job as a foreman and apparently was capable of performing work commensurate with his experience and training. On this job he is earning more than he was prior to his disability. However, his physical-exertion ability was impaired, and on his latest job a substantial amount of it appears to have been inside work.

This case is governed by the rule followed in Leep v. Kentucky State Police, Ky., 366 S.W.2d 729 (1963). The standard therein set forth was subsequently modified in Osborne v. Johnson, Ky., 432 S.W.2d 800 (1968), followed by Crib Diaper Service v. Standifer, Ky., 436 S.W.2d 501 (1969), but since the Osborne case had prospective effect only, it is not here applicable.

The principle recognized in the Leep case was that a workman is entitled to total disability benefits if he " * * * is totally disabled from the performance of work in his former occupational classification and his capacity to perform other kinds of work is impaired, * * * ". Under that principle we have had two cases which cannot be distinguished from the one before us. In Brownies Creek Collieries, Inc. v. Williams, Ky., 450 S.W.2d 237 (1970), the employee was the chief electrician and foreman of a mine. As the result of an injury, he could no longer lift heavy objects. However, he returned to office work and directed others in the performance of work in the area of his skill. We said (page 238 of 450 S.W. 2d):

"We conclude, as a matter of law, that Williams is not totally disabled. The performance of heavy physical labor was not an essential requirement of his occupational classification, as distinguished from being a predominant requirement, as would be the case with an unskilled laborer. Deby Coal Co. v. Roark, Ky., 360 S.W.2d 511 (1962). His special occupational capabilities were not so substantially destroyed as was the case in Leep v. Kentucky State Police, Ky., 366 S.W.2d 729 (1962). He satisfies at least some of ' * * * the requirements of his work * * *.' "

The facts in Walsh v. John F. Humphrey Company, Ky., 462 S.W.2d 436 (decided October 2, 1970), are basically the same as those we have here. The employee was a sheet-metal mechanic and his skill included the installation of duct work which required climbing and lifting. Because of his injury he was unable to do the latter phase of the work. However, he returned to work with his same employer and was able to do fabricating work in the shop. We held the Board correctly refused to grant him an award for total disability. Therein we observed (page 437 of 462 S.W.2d):

"It was acknowledged in Department of Economic Security v. Adams, Ky., 450 S.W.2d 819, 824 (1970), that under the *Leep* approach any substantial impairment of a common laborer's physical capabilities results in total disability. But it is not so with respect to a workman whose occupational abilities and experience are broad enough to afford a reasonable prospect of securing other employment in the same general field."

* * * * * *

"It is our opinion that the work Walsh is able to do and actually is doing [in the sheet metal shop] comes within the occupational classification of a sheet metal mechanic."

■ In the present case the employee simply was not totally disabled from performing work in his occupational classification. He was shown to have some impairment with respect to one phase of the work but to say he is totally and permanently disabled is contrary to the facts. As we did in the Brownies Creek Collieries case, we

must hold as a matter of law that the record does not support the Board's finding of total and permanent disability. Of course the Board properly may find partial disability.

We do not deem it necessary to consider the apportionment issue raised on this appeal.

The judgment is reversed, with directions to remand the case to the Workmen's Compensation Board for the purpose of making an appropriate partial disability award.

All concur.