John W. YOUNG, Successor to Carl Cabe, Commissioner of Labor of the Commonwealth of Kentucky, Appellant,

v.

Billie ARMS et al., d/b/a, etc., et al., Appellees.

Court of Appeals of Kentucky.

March 5, 1971.

Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellant.

Scott Collins, Prestonsburg, Earl R. Cooper, Salyersville, R. Lee Blackwell, Tarrant, Combs, Blackwell & Bullitt, Louisville, for appellees.

VANCE, Commissioner.

The question presented by the appeal in this workmen's compensation case is whether or not the Special Fund should have been made a party to the proceedings pursuant to KRS 342.120 and whether the board should have appointed a physician pursuant to KRS 342.121.

The appellee, Billie Arms, filed an application for adjustment of claim with the Workmen's Compensation Board wherein he alleged that he incurred an injury to his back on August 2, 1964 while working in a mine operated by Marsillett Coal Company resulting in his total and permanent disability.

After some evidence had been taken in his behalf, appellee filed a motion that the Special Fund be made a party and that an independent physician be appointed pursuant to KRS 342.121. The motion alleged that appellee suffered from a prior nondisabling injury or disease condition which contributed to the present disability and that he had experienced a subsequent compensable injury by accident. The motion did not make any reference to any part of the transcript which would support the allegations regarding the prior injury.

The only medical evidence in the record consists of reports of certain doctors. These were admitted in evidence by stipulation. No medical evidence whatever was directed to the question of whether the combined disability from the two injuries was greater than the disability which would have resulted from the subsequent injury if no prior disability had existed.

The board overruled the motion to make the Special Fund a party. An award was made to the appellee against the employer on the basis of total and permanent disability. Both the employer and the employe (appellee here) appealed. The employer challenged the award and the appellee contended the board erred in not causing the Special Fund to be made a party and in not initiating the procedures set forth in KRS 342.121.

The appeals were consolidated in the circuit court and a judgment was entered which remanded the case to the Workmen's Compensation Board, ordered the board to make the Special Fund a party, directed the appointment of a physician pursuant to KRS 342.121 and further ordered the board to make an additional finding of fact and a new award.

Other matters pending before the circuit court in the consolidated appeals were held in abeyance until the further action required of the Workmen's Compensation Board had been completed.

The Special Fund has appealed from that judgment. The employer filed a notice of appeal and a designation of record but has not filed any brief and, insofar as the record shows, has taken no further steps.

The Rules and Regulations of the Workmen's Compensation Board, Practice and Procedure, Section 4, Motions (d) provides as follows:

"Every motion, the grounds of which depend upon the existence of one or more facts which the movant contends are shown in evidence or are admitted by the pleading of the adverse party, shall contain a reference to the hearing transcript or deposition containing such evidence and to the page thereof, or to the pleading containing such admission. * * *."

The Special Fund argues that the motion of appellee to make the Special Fund a party was properly overruled because the motion did not contain a reference to any evidence in the record sustaining the allegations upon which the motion was based.

KRS 342.120 Provides:

"(1) A claimant may in the original application for benefits, or either party may by motion while the case is pending, accompanied by proper allegations, *and the board shall upon its own motion at any time before the rendition of the final award,* cause the Special Fund to be made a party to the proceedings if either or both of the following appears: (Emphasis added)

"(a) The employe is disabled, whether from a compensable injury, occupational disease, pre-existing disease, or otherwise, and has received a subsequent compensable injury by accident, or has developed an occupational disease;

"(b) The employe is found to have a dormant non-disabling disease condition which was aroused or brought into disabling reality by reason of a subsequent compensable injury by accident or an occupational disease.

"(2) When the Special Fund has been made a party the board shall direct the procedures provided in KRS 342.121. * * *."

In considering whether the board erred in not making the Special Fund a party, we cannot limit the review solely to the question of the propriety of the board's action in overruling appellee's motion because it failed to comply with the board's procedural rules but we must also consider the statutory duty of the board on its own motion to cause the Special Fund to be made a party when it appears that (1) a claimant is disabled and (2) has received a subsequent compensable injury by accident.

The evidence disclosed that the appellee sustained wartime injuries from hand grenades and artillery explosions prior to the injuries suffered in his employment. His injuries consisted of shrapnel wounds in his right and left legs, right arm, right shoulder, neck, side of face and back. He

was awarded a twenty-percent disability pension by the United States Government.

It was shown in the evidence that prior to the injury allegedly sustained in his employment, appellee suffered numbness in his legs, had frequent back pain, wore a wide belt while working to brace his back and occasionally had to miss work because of trouble with his back and legs.

Appellee argues that this evidence was sufficient to compel a finding of his disability[1] and that the proof otherwise showed a subsequent injury by accident. Therefore, it is argued, the two conditions set forth in KRS 342.120(1) (a) were met and the board was required on its own motion to cause the Special Fund to be made a party.

Altizer Coal Co. v. Clevinger, Ky., 421 S.W.2d 360 (1967) and Russell Construction Co. v. Workmen's Compensation Board, Ky., 397 S.W.2d 357 (1965) in which it was held that the evidence of a previous injury or condition did not necessarily require the Special Fund be made a party were based upon the fact that the previous injury or condition was not disabling at the time of the subsequent injury. Those cases would not be applicable in a situation where the prior injury was disabling to some extent at the time of the subsequent injury.

Technically, if the evidence established that appellee was disabled at the time of the subsequent injury, the board was required by KRS 342.120(1) (a) to make the Special Fund a party. The failure to cause the Special Fund to be made a party, even if error, would not, however, justify a remand of the case to the board in the absence of a showing of a prejudice to the appellee.

The appellee was given an award of total and permanent disability. Apparently he is dissatisfied that this award went entirely against his employer and would pre-

---

1. His motion to make the Special Fund a party alleged prior *nondisabling* injury.

fer the Special Fund be responsible for some portion of the award.

The standing of appellee to maintain this posture has not been questioned. We must consider, however, that liability in cases of subsequent injury imposed upon a prior disability cannot attach to the Special Fund except by an apportionment of the award and the question of apportionment arises only when the combined disability is greater than the disability which would have resulted from the subsequent injury had there been no prior disability. KRS 342.120(3).

KRS 342.121 provides for the appointment of a physician by the board to determine medical controversies in apportionment cases or to determine medical questions necessary to proper apportionment. Even if the Special Fund had been made a party in this case, the procedures outlined in KRS 342.121 would not have required the appointment of a physician by the board unless the evidence in the record disclosed a controversy about a medical question or established that the case was a proper one for apportionment and revealed the necessity for determining a medical question in order to make a proper apportionment.

The only medical evidence in this case relative to the subsequent injury was the report of a doctor which revealed that appellee suffered from a herniated intervertebral disc. The evidence presented substantial controversy on the question of whether the prior injury was disabling at the time of the subsequent injury, but nothing in the evidence tended to show whether the subsequent injury imposed upon the prior injury resulted in a combined disability greater than the disability which would have resulted from the subsequent injury had there been no prior disability. There was a complete omission of proof upon the latter point.

In view of this we hold that the evidence in the record did not establish a controversy about a medical question nor did it dis-close the necessity of determining a medical question necessary to proper apportionment. Therefore, the appointment of a physician by the board would not have been required even though the Special Fund had been made a party. It follows then that the failure to make the Special Fund a party did not result in prejudice to the appellee.

The judgment remanding this case to the Workmen's Compensation Board with directions to the board is reversed.

All concur.