**CHESTNUT FLATS COAL COMPANY, INC., Appellant,**

v.

**Albert JONES, James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

April 28, 1978.

Charles W. Berger, Berger & Berger, Pineville, for appellant.

Earl L. Cole, Barbourville, for appellee, Albert Jones.

Cyril E. Shadowen, Asst. Counsel Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel Dept. of Labor, Frankfort, for appellee, James R. Yocom, Commissioner of Labor & Custodian of the Special Fund.

Before COOPER, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

This appeal concerns that portion of a judgment of the Bell Circuit Court which affirmed the Workmen's Compensation Board's Opinion and Award insofar as the award imposed all liability for the disability attributable to a traumatic wrist injury solely on the appellant-employer, Chestnut Flats Coal Company, Inc. (hereinafter referred to as the employer).

The Board found the claimant, Albert Jones, to be permanently and partially disabled, in the amount of 20% to the body as a whole, as the result of the wrist injury. The claimant stated that a six-foot-tall oak

timber fell and hit his wrist, thereby injuring him. He had not had any problems with his wrist prior to the injury. The Board further stated that the omission to appoint a KRS 342.121 physician was harmless.

KRS 342.120 provides when the Special Fund is to be made a party in a compensation proceeding and subsection (2) of that section states that when the Special Fund has been made a party " . . . the board *shall* direct the procedures provided in KRS 342.121." (Emphasis added).

KRS 342.121(1) provides as follows:

If on a claim for compensation for disability resulting from a subsequent injury by accident or occupational disease any medical question shall be in controversy, or a determination thereof necessary to the proper apportionment of liability therefor, the board *shall* refer the case to a physician appointed by it for the purpose of investigating and reporting to the board on the medical questions involved. . . . (Emphasis added).

The language in those two subsections is mandatory, and as a matter of course, the Board will appoint a physician. However, this Court has been able to find one case dealing with the failure of the Board to appoint a physician pursuant to KRS 342.-121, wherein the requirements needed prior to the appointment of a physician under that statute are discussed. In *Young v. Arms*, Ky., 465 S.W.2d 57, 60 (1971), the court states:

. . . Even if the Special Fund had been made a party in this case, the procedures outlined in KRS 342.121 would not have required the appointment of a physician by the board unless the evidence in the record disclosed a controversy about a medical question or established that the case was a proper one for apportionment and revealed the necessity for determining a medical question in order to make a proper apportionment.

In *Young v. Arms, supra,* the court found that there was a complete omission of proof upon whether a subsequent injury imposed upon a prior injury resulted in a combined disability greater than the disability which would have resulted from the subsequent injury alone. The court stated there was therefore no need for a KRS 342.121 physician as there was no controversy about a medical question nor a necessity for determining a medical question necessary to proper apportionment.

A review of the pertinent portions of the medical testimony in the instant case is warranted. Dr. J. L. Woolum, a general surgeon, is the claimant's personal physician. Dr. Woolum testified that an x-ray of the claimant's wrist, taken a few days after the injury, indicated not only a recent injury but also indicated that a pre-existing type condition was evident (malacia lunate bone condition). This condition usually takes some time to develop. Dr. Woolum's testimony was to the effect that the blow from the timber aroused this non-disabling condition into disabling reality.

Dr. William G. Wheeler, the orthopedic surgeon who performed surgery on the claimant's wrist, testified that he could not say with medical certainty whether the claimant had a dormant non-disabling wrist condition prior to the trauma. Dr. Wheeler testified that, if Dr. Woolum's observations as to the prior wrist condition were true, the trauma Jones sustained would have aroused into disabling reality the condition which before had been dormant and non-disabling. Dr. Wheeler, at no time, saw the x-rays which, according to Dr. Woolum's testimony, showed the pre-existing condition.

Dr. Curwood Hunter, a neurosurgeon, testified that he did not feel qualified to enter an opinion on the orthopedic problem in the claimant's wrist. Dr. Hunter did not believe, however, that the wrist x-rays showed evidence of either a congenital or long-standing disease or condition.

The testimony of the other doctors only indicated that an injury, of the type the claimant said he sustained, could have caused the present disability in his wrist.

We think that this evidence establishes that a medical question is in controversy, i.

e., whether the claimant had a pre-existing bone condition, dormant and non-disabling prior to the injury, a determination thereof being necessary to a proper apportionment. The omission to appoint a KRS 342.121 physician was therefore not harmless, regardless of the amount apportioned to the Special Fund by that physician.

We reverse the judgment of the trial court with directions to remand this case to the Board so that a KRS 342.121 physician can be appointed for determining the apportionment of liability between the Special Fund and the employer regarding the claimant's wrist injury.

All concur.