FRUGÉ, Judge.
This is a suit for workmen’s compensation benefits instituted on behalf of Alvin Meche against the Employers Liability Assurance Corporation, Ltd., and Harris A. Resweber, d/b/a Harris A. Resweber Construction & Materials. Plaintiff claims to *153 be totally and permanently disabled as a result of an accident which occurred to, him while employed by Mr. Resweber. From the judgment of the district court rejecting his claims and dismissing his suit, plaintiff has effected this devolutive appeal.
On March 24, 1965, while at work on his job as a skilled carpenter, an accident occurred to plaintiff in which a chip of steel from his hammer became lodged in his right index finger, causing severe bleeding and necessitating treatment by a doctor. The finger became infected, which complication caused plaintiff to miss approximately three and one-half months of work. During that time, the Employers Liability Assurance Corporation paid plaintiff $35.00 per week as compensation for his inability to work.
The injury sustained by the plaintiff caused his index finger to stiffen to such an extent that he became unable to use that finger in his work. Defendants’ medical specialists opined that this stiffening resulted in a 15-18 percent loss of the functions of his right hand. As a result, the strength in his right hand became diminished to such an extent that plaintiff had some difficulty handling a hammer properly.
Notwithstanding this disability, the plaintiff was discharged by his family doctor as being able to return to work, and he did in fact work as a skilled carpenter and performed essentially the same duties as he had prior to his injury.
In March, 1966, plaintiff was sent to Dr. Bordelon by the defendant, to whom plaintiff complained of pain in his finger; and in November of 1966, again at defendants’ request, an orthopedist, Dr. Riordan, examined plaintiff. Apparently from the doctors’ reports and from the fact that plaintiff continued his regular work as a skilled carpenter, the defendant insurance company refused to classify plaintiff as permanently and totally disabled or to give him any further workmen’s compensation benefits.
Plaintiff testified that his finger remained sensitive and hindered him in the normal performance of his work. He stated that often in evenings after work, the finger hurt him to a substantial degree, and that at times the pain was so severe that he was unable to sleep at nights without first taking something to relieve the pain. Plaintiff said that since he cannot make a fist with his right hand, his finger is frequently in his way when he is working, in that it is constantly sticking out and frequently hitting other objects, as for instance, when he is sawing, or nailing rafters, or working in the corners or in other cramped positions. He testified that when he does strike his finger upon another object “it shocks and it hurts”.
Plaintiff’s testimony was corroborated by that of Rogers Angelle, who testified that plaintiff could saw and hammer in tight places only with great difficulty. Angelle further testified that he had worked with plaintiff for some months after plaintiff returned to work following his injury and that he knew plaintiff was in pain many times while on the job, especially when plaintiff would strike that finger on some obj ect.
Another of plaintiff’s witnesses testified that he quit working with plaintiff because plaintiff frequently dropped his hammer and had occasionally struck him with it. This hazard plaintiff caused apparently was a result of the weakness in his right hand, which he experienced after the injury.
The defendants-appellees rely heavily upon the contention that the medical testimony does not support plaintiff’s allegations of substantial or severe pain while working. In this regard, they quote from the deposition of Dr. Bordelon as follows:
“Q. In your professional field, Dr. Bor-delon, do you feel that this patient could perform as a carpenter without significant or severe pain as of the time you saw him ?”
“A. Yes, I do.”
*154 But in other portions of Dr. Bordelon’s deposition, he stated that, unless the finger were to be amputated, it was likely that plaintiff would strike the protruding finger upon objects and suffer pain. He also said that exertion of that hand by way. of sawing and hammering for a full day could cause plaintiff to suffer severe pain in that finger. He added that plaintiff’s type of work could also cause pain in that finger at night.
Defendants also produced two witnesses who had worked with plaintiff. Both witnesses testified that plaintiff did complain that his finger was stiff and that it would bother him, but they said that he had never told them that he was suffering any great pain.
Plaintiff’s evidence clearly indicates that through the normal performance of his duties, his finger was subjected to real and substantial pain. In a significant way, defendants’ own medical witness, Dr. Bor-delon, supports plaintiff’s contention by his statement that he thought it was very possible that plaintiff might occasionally experience severe pain from the performance of his regular duties as a carpenter.
Defendants’ lay testimony is inconclusive (being but negative testimony) to show that plaintiff was not suffering from substantial pain as a result of his work. Furthermore, this testimony did not even touch upon plaintiff’s contention that much of his pain was suffered at night, after a full day’s work.
As this court has had prior occasion to say, “[t]he rule is well settled in Louisiana that when an employee cannot perform his customary and usual duties without suffering substantial pain and discomfort he is considered totally and permanently disabled.” Costanzo v. Southern Farm Bureau Casualty Insurance Company, La.App., 124 So.2d 621, 625 (La.App. 3rd Cir. 1960). See also Reed v. Calcasieu Paper Company, 233 La. 747, 98 So.2d 175 (1957).
Defendants rely upon the case of Williams v. North American Insurance Company, 169 So.2d 586 (La.App. 4th Cir. 1964), for the proposition that plaintiff here should be denied further compensation. The evidence in that case, however, did not show that plaintiff’s injury to his finger had impaired the performance of his usual work or that the injury caused him to suffer significant pain as a result of his work. So, as a factual matter, that case is inapplicable here.
 The trial court did not favor us with written reasons for his judgment, and so we do not know for what reason he denied plaintiff’s claim. Nonetheless, we are of the opinion that the trial court was manifestly erroneous in denying plaintiff workmen’s compensation for being totally and permanently disabled. Although we reluctantly differ with the trial court, in view of the liberal interpretation to be placed upon the workmen’s compensation act, in order to effect its purpose and design, we find it necessary to reverse that ruling.
Counsel for plaintiff has asked that we impose penalties and attorneys’ fees against defendants on the grounds that they arbitrarily and capriciously refused to give plaintiff the benefits legally due him under the Workmen’s Compensation Act. (See R.S. 23:1201.2.) But we are of the opinion that defendants’ conduct in refusing to make further payments was not arbitrary or capricious. We believe that, under the circumstances, the defendants acted in good faith in refusing to give plaintiff further benefits and thus, penalties and attorneys’ fees should not be assessed against them.
For the foregoing reasons, the judgment of the trial court is reversed, and it is hereby ordered, adjudged and decreed that judgment be rendered in favor of plaintiff, Alvin Meche, and against defendants, The Employers Liability Assurance Corporation, Ltd., and Harris A. Resweber, d/b/a Harris *155 A. Resweber Construction & Materials, in solido, awarding Alvin Meche compensation at the rate of $35.00 per week for a period not to exceed 400 weeks, subject to prior compensation paid through June 24, 1965, and with five (5) percent interest upon back payments owing, accruing from June 24, 1965. Defendants are to pay all costs of these proceedings.
Reversed and rendered.