**James Edwin PARKER, Appellant,**

v.

**NEHI–ROYAL CROWN BOTTLING COMPANY et al., Appellees.**

**NEHI–ROYAL CROWN BOTTLING COMPANY, Appellant,**

v.

**James Edwin PARKER et al., Appellees.**

Court of Appeals of Kentucky.

June 14, 1968.

James Owens, Charles A. Williams & Associates, Paducah, for cross-appellees and appellant.

Richard C. Roberts, Waller, Threlkeld & Whitlow, Paducah, for cross-appellant and appellee.

DAVIS, Commissioner.

The Workmen's Compensation Board made an award to James Edwin Parker based upon its finding of his 50% permanent, partial disability. Parker and his employer (hereinafter Nehi) appealed to the circuit court, the former asserting entitlement to total, permanent disability and the latter urging that the award was excessive. The circuit court affirmed the Board's award, and both sides have brought appeals here which are consolidated and disposed of in this opinion.

On March 11, 1965, while appellant was pulling a two-wheel cart loaded with cases of soft drinks, he experienced a sharp pain in the lower portion of his back and apparently fell against an iron railing. He reported this incident to Nehi, and at the suggestion of his employer consulted two chiropractors and an osteopath. Appellant continued to suffer pain and found himself unable to perform, without help, the arduous duties incident to his employment as a soft drink route salesman. Parker employed a helper and compensated him with his own funds. This practice was not approved by Nehi, and Parker was discharged from his employment.

Shortly after his discharge in August 1965, Parker consulted an orthopedic surgeon, Dr. Samuel L. French. Dr. French ultimately referred Parker to Dr. Sam E. Hunter, a neurosurgeon at Memphis, Tennessee, who performed surgery for the removal of a ruptured disc at the L–4 level. Following the surgery Parker continued to

have pain in the coccyx area. At first Dr. Hunter believed that this difficulty would be relieved following the surgery, but when it persisted following the disc operation of February 9, 1966, a diagnosis of coccyodynia was made and Parker was referred to a general surgeon who removed the lower two segments of the coccyx in September 1966. Parker was hospitalized following both surgery episodes and was paid full compensation for his disability during those periods.

Following his convalescence after the disc operation, Parker was employed as an apprentice sheet metal worker. After his recovery from the coccyx operation, Parker obtained employment with a pest control company and was working in this capacity when the hearing was had before the Workmen's Compensation Board. The record indicates that Parker had earned slightly less than $100 per week at Nehi, whereas the amount of his earnings at the time of the hearing was about $85 per week.

The appellant contends that our decisions in Deby Coal Company v. Roark, Ky., 360 S.W.2d 511; Leep v. Kentucky State Police, Ky., 366 S.W.2d 729; Sullivan v. Foster & Creighton Company, Ky., 394 S.W.2d 917; and several other cited cases, including American Tobacco Company v. Sallee, Ky., 419 S.W.2d 160, require a finding that he is totally, permanently disabled. Nehi urges that a reversal should be granted so that the award may be modified downward.

In response to a hypothetical question reciting the laborious duties of a soft drink route salesman, Dr. Hunter answered that Parker would be unable to perform those duties consistently or steadily. He explained that the job's requirements for frequent mounting and dismounting of the truck, accompanied by frequent handling of heavy cartons while in an awkward position, would place such stress upon the lower spinal system that it would not "consistently hold up." The cases relied upon by Parker have recognized the rule that total disability as used in the Workmen's Compensation Act does not mean complete physical disability

or absolute helplessness. The rule is expressed in E. & L. Transport Co., Inc. v. Hayes, Ky., 341 S.W.2d 240, 241, 84 A.L.R. 2d 1102, as follows:

"* * * if a workman is totally disabled from the performance of work in his former occupational classification and his capacity to perform other kinds of work is impaired, he is entitled to compensation for total disability."

It may fairly be said that the evidence supports the proposition that Parker is totally disabled from performing the duties he was performing for Nehi as a soft drink route salesman, and it appears that his capacity to perform other kinds of work is impaired. It remains to be determined whether these circumstances may be equated with his being totally disabled from the performance of work in his former *occupational classification.*

There was testimony indicating that the duties performed by Parker in his work as a soft drink route salesman were broader in scope than mere manual labor. He was required to and did keep certain records, and an important facet of his job was selling. His duties as salesman certainly removed his employment classification from the common labor stratum. The fact that he is gainfully employed in pest control work lends support to the idea that he is not totally disabled in his general work classification. It follows that the Board had substantial evidence before it warranting its finding of less than total disability. See Joseph v. Blue Diamond Coal Company, Ky., 408 S.W.2d 467; Highland Roofing & Sheet Metal Company v. Helms, Ky., 407 S.W.2d 132; and cases there discussed.

As regards the claim of Nehi that the amount of the award should be reduced, it is contended that the medical testimony when considered in light of Parker's work history following surgery is insufficient to sustain the award. It is true that there was some medical evidence evaluating the disability as being between 15 and 20%.

The evaluations of disability expressed by the doctors related to functional disability rather than occupational disability, and the Board had ample evidence to support its finding of 50% disability. Congleton Bros., Inc. v. Farmer, Ky., 399 S.W.2d 722. In this state of case, the finding of the Board may not be disturbed.

The judgment is affirmed.

All concur.