GULOTTA, Judge.
This is a suit in Workmen’s Compensation by Albert Weidert, plaintiff-appellee, against Liberty Mutual Insurance Company, defendant-appellant, to collect benefits for total and permanent disability resulting from an accident at the place of his employment, the Falstaff Brewing Corporation. Liberty Mutual Insurance Company provides workmen’s compensation insurance for plaintiff’s employer.
The record reflects that on June 12, 1968, plaintiff was involved in an accident while lifting several cases of beer in the course and scope of his employment. Dr. Ewin on the day of the accident diagnosed the resultant injury to plaintiff as a lumbo-sacral strain with spasm. Dr. Richard W. Levy saw plaintiff at various times after August 20, 1968, and concluded that plaintiff had a ruptured disc in the right lower lumbar region or a herniated disc. The trial court ruled in favor of plaintiff finding him totally and permanently disabled and rendered an award of maximum compensation benefits of $35.00 per week for a period of 400 weeks together with interest at the rate of 5 percent per annum on each past due payment from its due date until paid, together with medical expenses, with credit for $100.00 to the defendant.
From this judgment the defendant appeals. Defendant contends that the find *216 ing of the trial judge that Weidert is permanently and totally disabled is in error.
The issue for our determination is whether the trial court committed manifest error in making an award to plaintiff based on the finding of permanent total disability.
The record reveals that it was stipulated by both sides that Mr. Weidert was involved in an accident on or about June 12, 1968, which accident occurred while in the course and scope of his employment. Mr. Weidert testified as to the injury he sustained from the accident and his reaction as follows:
“* * * that morning the machine was running bad, and I’d say they had ten or twelve cases I stacked on the side to put back on the line. While I was doing that, putting them back on line, that’s when my back had come down — felt something like a crack in my back. I tried to work. I tried to stick it out for about an hour but I couldn’t. So * * *, I called the supervisor and I told him I hurt my back and I wanted to see my doctor. So he replaced me and I went to the doctor.”
The record shows that following the accident on the same day thereof, the plaintiff went to the offices of Drs. Houston, Roy, Faust & Ewin and was attended to by Dr. Dabney M. Ewin. Dr. Ewin treated Mr. Weidert for about five weeks and then discharged him to the care of Dr. Richard W. Levy. Dr. Ewin’s medical report to Liberty Mutual specified Mr. Weidert’s injury as a lumbosacral strain with spasm.
Dr. Levy, a neurosurgeon, and the only physician to testify at the trial, first saw plaintiff on August 20, 1968, about two months after the accident and continued to see him at the time of the trial of the case. He felt that plaintiff had sustained a ruptured disc or nerve root involvement. Dr. Levy testified that he suggested plaintiff continue to work as a brewery worker doing light work but avoiding heavy lifting, climbing or anything that “would produce an acute aggravation on his low back pain.”
In September of 1968, plaintiff saw Dr. G. C. Battalora, Sr., a New Orleans orthopedist. In his medical report sent to Liberty Mutual, Dr. Battalora summarized Mr. Weidert’s condition, history and results of x-ray examinations and was of the opinion that plaintiff had sustained a low back strain and advised the use of a lum-bosacral corset. Dr. Battalora further stated that, “It is very possible that the neurosurgeon will find that he (Mr. Weidert) has a low lumbar disc herniation and advise surgery.”
Plaintiff continues to work at the Brewery but contends that he must work with continuous pain in the low back area and with a numbness in his right leg since the accident. Plaintiff indicated that he continues to work in order to support his family and that when he showed the doctor’s report which restricted the quantity of weight he should lift to one of his supervisors, that the supervisor’s response was that, “he could go home if he could not do the work.”
Being cognizant of Mr. Weidert’s need of financial support, his age and limited education, we feel that plaintiff cannot be penalized and deprived of just compensation benefits merely because he continues to work in pain. Furthermore, it is well settled that an individual may recover Workmen’s Compensation benefits even though he is in fact working at his former occupation. Guidry v. Sea Coast Products, Inc., 220 So.2d 570 (La.App. 3rd Cir. 1969), rehearing denied April 2, 1969, writ refused May 9, 1969; LaRosa v. Insurance Co. of North America, 206 So.2d 135 (La.App. 4th Cir. 1968), rehearing denied February 5, 1968, writ refused March 25, 1968; Meche v. Employers Liability Assurance Co., 206 So.2d 152 (La.App. 3rd Cir. 1968). Thus, the fact that an individual returns to work, which he is able to perform only with pain, does not defeat his *217 right to compensation based upon a total and permanent disability.
Mr. Weidert is 57 years old, has a seventh grade education and has been employed for over twenty-two years by Falstaff Brewing Corporation. Plaintiff’s supervisor at the Brewery, Ronald Lambert, testified that plaintiff is an excellent worker and never complains. No facts were introduced which might shed doubt on either plaintiff’s credibility or that the cause of his injury was anything other than the accident which occurred on June 12, 1968. On the contrary, all of the medical testimony and records substantiate the validity of plaintiff’s complaint of an injured back and plaintiff has affirmatively shown by a preponderance of the evidence the causal connection between his back injury and the subject accident. Beasley v. Service Foundry Division of Avondale Shipyards, Inc., 235 So.2d 139 (La.App. 4th Cir. 1970).
Clearly, plaintiff has established that his back disability resulted from the June 12 accident at the brewery.
The principal question presented, therefore, is whether the pain which plaintiff experiences is of such a nature as to render him totally and permanently disabled within the meaning of the Louisiana Workmen’s Compensation Act. The Court in Moreau v. Employers Liability Assurance Corporation, 180 So.2d 835, at 836 (La.App. 3rd Cir.1965) ; rehearing denied December 22, 1965, in addressing itself to the same issue said:
“Under our jurisprudence, a compensation claimant will not be held to be disabled and thus entitled to compensation benefits solely because he suffers some residual pain or discomfort when he attempts to work following a work-connected accident. The residual pain or discomfort in such a circumstance will be considered as being disabling only if it is substantial or appreciable pain.” (Emphasis added.)
In discussing the doctrine of disability, our Supreme Court said in Glidden v. Alexandria Concrete Co., Inc., et al., 242 La. 626, 137 So.2d 894 (1962),
“* * * The pain must be substantial enough to be disabling in that it either prevents the worker from carrying out some of the functions of his job or, where the pain is not so intense as to hinder the worker’s fulfillment of his duties, it must be shown that performance of the work would be deleterious to his health. This would be the case where going back to work was possible but doing the work might retard the worker in regaining complete recovery of his health.” (Emphasis added.)
The 4th Circuit enunciated its approach to disability in Wilson v. Fogarty Bros. Transfer Company, Inc., 126 So.2d 6 (La.App. 4th Cir. 1961) rehearing denied Jan. 30, 1961.
“Our conclusion is that, in order that recovery be permitted where the employee continues at work, there must be considerable pain and that the facts of each case must be looked to to determine whether the pain in that case is sufficiently great to justify the award of compensation. * * * ” (Emphasis added.)
Applying the test for disability which has been adopted by the Courts of Louisiana to the facts surrounding Mr. Weidert’s injury in the case at bar, we find that plaintiff’s pain in his back is “substantial” and “appreciable” and that his suffering is of sufficient severity to justify the award of compensation for total and permanent disability.
In view of the foregoing reasons and in absence of finding of manifest error by the trial judge, the judgment of the trial court in all respects is affirmed. We, therefore, deny plaintiff-appellee’s prayer that the trial judgment be amended to include an *218 award for statutory damages and attorney’s fees. Appellant is to bear costs of this appeal.
Affirmed.