## HAWKINS BROTHERS COAL COMPANY, Appellant,

v.

## Glen THACKER and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

June 11, 1971.

E. R. Hays, William J. Baird, Baird & Hays, Pikeville, for appellant.

Kelsey E. Friend, Friend & Mullins, Pikeville, for appellees.

REED, Judge.

This is a workmen's compensation case which is governed by the principles adopted in Osborne v. Johnson, Ky., 432 S.W.2d 800. In the instant case, the injured employee was awarded compensation benefits for permanent partial disability of 20 percent to the body as a whole. The employee recovered sufficiently from the injury for which compensation was awarded to return to work for the same employer and is earning wages equal to or greater than those earned at the time of the injury. The circuit court affirmed the Board's award. We affirm the circuit court.

The appellee, Glen Thacker, injured his right knee while drilling coal during the course of his employment with the appellant, Hawkins Brothers Coal Company. Surgery was performed on the knee in September of 1968.

Thacker returned to work in February 1969. The appellant concedes that Thacker had a compensable claim and was entitled to compensation benefits for temporary total disability from the date of injury, September 1968, to the date he returned to work in February 1969.

The only medical evidence in the record is that of Dr. Robert Sexton who testified

on behalf of the injured employee. The employer offered no medical evidence. Dr. Sexton stated that in his medical opinion Thacker's functional disability to his body amounted to "15 percent to 20 percent." Dr. Sexton also testified that Thacker's work would be interfered with to some degree in the future and that Thacker's present work is not at the effective level present prior to injury in that Thacker is not able to perform coal drilling and things of that sort which he could previously perform.

In Osborne v. Johnson, Ky., 432 S.W.2d 800, we said:

"While a workman who has sustained a permanent bodily injury of appreciable proportions may suffer no reduction of immediate earning capacity, it is likely that his ultimate earning capacity will be reduced either by a shortening of his work life or a reduction of employment opportunities through a combination of age and physical impairment. Accordingly, it is our opinion that in those instances in which the workman has sustained no loss of immediate earning capacity but has incurred a permanent injury of appreciable proportions, the Workmen's Compensation Board, under KRS 342.110, can and should make an allowance for some degree of permanent partial disability on the basis of the probability of future impairment of earning capacity as indicated by the nature of the injury, the age of the workman, and other relevant factors."

In Round Moutain Coal Company v. Tackett, Ky., 433 S.W.2d 128, in dealing with a pre-Osborne claim, we held that continued employment of the claimant at the wage equal to that before injury would not justify denial by the Workmen's Compensation Board of an award of partial permanent compensation to the claimant. Thus, it would appear that the Osborne

opinion made no basic change in our construction of the express language of KRS 342.110.

The history of the so-called "Ditty Rule" and KRS 342.110 is exhaustively considered in E. & L. Transport Company v. Hayes, Ky., 341 S.W.2d 240. There we pointed out that under the Ditty Rule the board was directed to allow credit against compensation payments for weeks in which the claimant was employed by his original employer after injury at wages equal to or exceeding the wages he formerly received. In 1952 the legislature abolished the Ditty Rule, as far as partial disability cases were concerned, by an amendment to KRS 342.-110. In the Hayes case we rejected the Ditty Rule in cases of total permanent disability. The appellant's argument that the result is not "fair" or "equitable" appears to be a plea to return to the Ditty Rule. We have conclusively rejected this type of argument in the Hayes case. This aspect of Hayes was not overruled by Osborne.

KRS 342.110 explicitly directs that compensation for permanent partial disability awarded under that particular statute, which is the case here, shall not be affected by the earnings of the employee after the accident. We are not authorized to squarely repeal such explicit legislative language. Thus, the Osborne opinion respected the language and empowered the board to award compensation for disability in those instances where a permanent injury of appreciable proportions has occurred rendering the employee permanently partially disabled on the basis of the probability of future impairment of earning capacity. The total evidence in this case, medical and lay, affords sufficient evidentiary support to the board's award. Neither the circuit court nor this court may disturb the board's disposition.

The judgment is affirmed.

All concur.