**318**

**ISLAND CREEK COAL COMPANY,**
**Appellant,**

**v.**

**Ray TAYLOR and Workmen's Compensation**
**Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

June 11, 1971.

Edwards R. Hays, Wm. J. Baird, Baird & Hays, Pikeville, for appellant.

Dan Jack Combs, Reed Anderson, Combs & Anderson, Pikeville, for appellees.

REED, Judge.

In this workmen's compensation case the plaintiff-appellee, a 38-year-old worker, was caught in a roof fall while engaged in his occupation. His left chest was crushed, his left lung was punctured and collapsed, several ribs on his left and right sides were fractured, his left scapula was fractured, his heart was contused and he sustained a severe compressed fracture of T–12 vertebra. Plaintiff testified that the injuries caused him constant pain to work and he had to take pain-killing pills throughout the day. The preponderance of medical testimony indicated that plaintiff has a functional permanent partial disability of 30 percent to the body as a whole. One of the physicians who testified was of the opinion that plaintiff was in need of a spinal fusion to eliminate the pain in the area of the fractured vertebra.

The plaintiff returned to his regular job at the same rate of pay as he was receiving at the time of the injury. The board allowed him benefits for temporary total disability but declined to award the plaintiff any compensation for permanent partial disability. The board's opinion recited:

"Since the plaintiff returned to his regular job at his same rate of pay * * *, under the case of Osborne v. Johnson, supra, we regret that we are

unable to award him any benefits for permanent disability."

The injured employee appealed to the circuit court where the board's order was reversed and the case was remanded to the board with directions to allow plaintiff benefits for permanent partial disability of 30 percent to the body as a whole. The employer appeals from that judgment of the circuit court.

The employer's argument is that the Workmen's Compensation Board correctly construed our opinion in Osborne v. Johnson, Ky., 432 S.W.2d 800. The same argument is made here on behalf of the employer concerning the effect of the Osborne opinion as was made and rejected in Hawkins Brothers Coal Company v. Thacker and Workmen's Compensation Board of Kentucky, Ky., 468 S.W.2d 256 (rendered June 11, 1971).

We are of the opinion, however, that the portion of the circuit court's remand order to the board which directs the board to fix the plaintiff's permanent partial disability at 30 percent is erroneous. As we read the record, the board was of the opinion that it was unauthorized to make an award for permanent partial occupational disability under the Osborne opinion. As we pointed out in the Hawkins Brothers Coal Company case, the board should make an allowance of some degree of permanent partial disability on an occupational basis if the claimant has incurred a permanent injury of appreciable proportions. Among the circumstances to be taken into account are the probability of future impairment of future earning capacity as indicated by the nature of the injury, the age of the worker and other relevant factors. This is a determination for the board to make and, therefore, the circuit court's specific direction confined to a functional impairment rating was erroneous.

The judgment remanding the case to the board as modified herein is affirmed.

All concur.