**ISLAND CREEK COAL CO., et al.,
Appellants,**

v.

**Amos D. WILLIAMS et al., Appellees.**

Court of Appeals of Kentucky.

June 11, 1971.

———◆———

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, for appellants.

Robert J. Greene, Perry, Greene & Abell, Paintsville, for appellees.

OSBORNE, Judge.

This is an appeal by the employer from an award of the Workmen's Compensation Board in which the claimant, Amos D. Williams, was awarded 25% permanent disability to the body as a whole. The circuit court affirmed the Board and we affirm the circuit court.

Williams injured his left ankle while working for the Island Creek Coal Company on March 28, 1968. The medical evidence is conflicting as it relates to his permanent disability. Dr. Kearns R. Thompson fixed his functional disability at 5%. Doctors A. B. Carter and W. T. Anderson fixed it at 35% to 40%. Dr. Anderson was of the further opinion that with the passage of time the disability would progress rather than regress. Dr. George Archer fixed the disability at 10% and limited it to the ankle. Williams in his testimony testified that he was 45 years of age, had a fifth-grade education, and had been working in the mines 24 years. The Board, after considering all of the evidence, concluded that the claimant had sustained 25% occupational impairment and further found that the injury had impaired his future usefulness and future earning capacity.

At the time of the hearing Williams had returned to his former job, which was that of a shuttle-car operator in the mine. His testimony was that he could perform the duties but that he suffered considerable pain and discomfort in doing so.

Appellant makes one contention on this appeal, that being: "Where an employee receives an injury but returns to his regular work doing the same job and receiving the same wages, he is not entitled to recover disability benefits under the Workmen's Compensation Act." In support of this contention appellant cites Osborne v. Johnson, Ky., 432 S.W.2d 800; Parker v. Nehi Royal Crown Bottling Company et al., Ky., 429 S.W.2d 357; Allen v. Commonwealth, Department of Highways, Ky., 425 S.W.2d 283. In the latter case the employee was claiming disability as the result of an occupational disease. We held there could be no disability as set out in KRS 342.316 for any period of time during which the employee continued to work full time in the same employment. This holding is brought about due to the definition of the word "disability" in the occupational disease statute and has no application here. In Parker v. Nehi, supra, the Board had awarded the claimant 50% permanent partial disability. The claimant appealed to this court contending he was entitled to total disability under Leep v. Kentucky State Police, Ky., 366 S.W.2d 729, and other cases of similar import. All that was decided in that case was that claimant was not entitled to total disability and the result reached by the Board was affirmed. We find nothing in that opinion that supports the contention in this situation. In Osborne v. Johnson, supra, we distinguish between functional disability and occupational disability and outline the procedures to

be followed by the Board in determining occupational disability. However, nowhere in that opinion do we indicate that continuance in one's same employment will preclude him from recovering Workmen's Compensation benefits if he does in fact have a permanent bodily injury of appreciable proportions that may in the future reduce his earning capacity. For a full discussion of this problem see Hawkins Brothers Coal Co. v. Thacker et al., Ky., 468 S.W.2d 256, rendered June 11, 1971.

In the case presently before us there is no testimony directed to claimant's future earning possibilities other than his own testimony that his previous employment had been exclusively that of a coal miner and of his limited educational qualifications. We believe this was rather skimpy testimony on which the Board had to act and either of the parties would have been perfectly justified in placing more testimony in the record directed to claimant's future earning possibilities. However, they did not choose to do so and the Board had to make an award based upon the evidence placed before it. We cannot see under these circumstances that it was erroneous.

Judgment affirmed.

All concur.