**QUEEN CITY DINETTES, INC. et al.,**
**Appellants,**

v.

**Thelma BOWLING et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 22, 1971.

Frank A. Wichmann, II Covington, for appellant.

William E. Wehrman, Sr., Covington, for appellee.

DAVIS, Commissioner.

Thelma Bowling obtained an open-end award for workmen's compensation benefits based upon the Board's finding that she was totally disabled at the time of the award. The circuit court affirmed that order, and the employer has appealed to this court, asserting that there was no evidentiary basis for the Board's determination that Mrs. Bowling is totally disabled. Ancillary arguments are advanced by the appellants to the effect that the disability is temporary, not permanent, and partial, rather than total.

The claim for compensation was initiated after the effective date of Osborne v. Johnson, Ky., 432 S.W.2d 800. There was abundant evidence that Mrs. Bowling sustained an injury to her arm incident to her work for the appellant. The evidence respecting the extent and duration of her injury was presented by Mrs. Bowling and four physicians. Mrs. Bowling testified that she felt she could work so long as her duties did not require any lifting or pulling by her. The evidence from the doctors varied from statements that she was apparently fully recovered to an estimate that she had 15% permanent disability by reason of the injury to her arm. There was no medical testimony indicating that Mrs. Bowling is disabled from performing all types of work.

In Osborne v. Johnson it was said:

"If the board finds that the workman is so physically impaired that he is not capable of performing any kind of work of regular employment, or if the board finds that regular employment in the kind of work the man can perform is not available on the local labor market, the man will be considered to be *totally* disabled. Otherwise he will be considered to be only *partially* disabled. And the *percentage* of his partial disability will be determined by the ratio of the prevailing

wage rates in the kind of employment available to him, to the wage rates earnable by him before being injured.

"It will be noticed that in the rule here outlined no significance is given to the workman's *usual occupation* other than that the *wages* earned by him in that occupation before injury are a factor in determining his pre-injury wage capacity for comparison with his post-injury wage capacity.

" ' * * * the normal rule is that disability is not tested by any particular occupation, and that, even in the case of a skilled craftsman, he will not be deemed totally disabled if unskilled or light work that he can perform is continuously available to him.' Larson's Workmen's Compensation, Vol. 2, sec. 57.53." Id. 432 S.W.2d at pages 803–804.

In the present case there was no evidence that Mrs. Bowling is so physically impaired that she is not capable of performing any kind of work of regular employment. Neither was there any showing (and no finding by the Board on the subject) that regular employment in the kind of work she can perform is unavailable on the labor market in the area involved. In these circumstances the finding of the Board of total disability is a clearly erroneous finding and may not be permitted to stand. KRS 342.285(3) (d) and KRS 342.290(1). The appellants suggest that the failure of Mrs. Bowling to carry the burden of showing the ratio of the prevailing wage rates in the kinds of employment available to her to the wage rates earnable by her before being injured requires that her claim be dismissed, but the court is not so persuaded.

As noted in Johnson v. Skilton Construction Corporation, Ky., 467 S.W.2d 785, decided June 4, 1971, some degree of uncertainty has understandably arisen in adjusting to the approach enunciated in Osborne v. Johnson, so it is appropriate and permissible here, as was true in Johnson v. Skilton Construction Company, that the Board entertain the introduction of further evidence in the case upon remand.

The judgment is reversed with directions to enter a new judgment remanding the claim to the Workmen's Compensation Board for further proceedings consistent with the opinion.

All concur.