**EASTERN COAL CORPORATION,**
Appellant,

v.

**Elmer BUTCHER and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Feb. 18, 1972.

William J. Baird, Baird & Hays, Pikeville, for Eastern Coal Corp.

Robert J. Greene, Perry, Greene & Abell, Paintsville, for appellee Elmer Butcher.

J. Keller Whitaker, Director, Workmen's Compensation Bd., Frankfort, for appellee Workmen's Compensation Bd.

GARDNER, Commissioner.

Elmer Butcher sustained an injury to his back while working for Eastern Coal Corporation. The opinion and award of the Workmen's Compensation Board, which determined Butcher was 50 percent permanently partially disabled, was upheld by the judgment of the Pike Circuit Court. The employer appeals. We affirm.

The employer concedes that under the evidence Butcher was entitled to an award for permanent partial disability but insists the award of 50 percent was too high. The evidence discloses that Butcher was injured about September 18, 1967, and on June 4, 1968, returned to the same job at the same rate of pay. Subsequently he applied for and obtained a higher job classification for which he received an increase in pay which prevailed at the time of his filing a claim for compensation. The employer further concedes that there is medical evidence of sufficient probative value to support the Board's award that Butcher is permanently disabled. It contends, however, that the work history subsequent to the injury lays low the efficacy of the medical evidence. The employer points out "He has worked steadily, has received a 'promotion,' and is receiving considerably more wages. His employer has not complained of his work record." Butcher counters by saying that he is not doing nearly the amount of work he did prior to the injury and that the company is simply raising no question about his diminished work effort.

Osborne v. Johnson, Ky., 432 S.W.2d 800 (1968), as considered in Hawkins Brothers Coal Company v. Thacker, Ky., 468 S.W.2d 256 (1971), Queen City Dinettes, Inc. v. Bowling, Ky., 472 S.W.2d 72 (1971), and Winn Dixie Louisville, Inc. v. Watson, Ky., 473 S.W.2d 148 (1971), sustains the Board's right to determine the extent of the admitted permanent partial occupational disability. The evidence permitted the Board to find that the injury was permanent and of substantial proportions, and

the Board was entitled to consider the age and future employment opportunities of the claimant in the general labor market. We therefore uphold the determination of the extent of partial disability made by the Board.

The judgment is affirmed.

All concur.