**ISLAND CREEK COAL COMPANY,**
**Appellant,**

v.

**Wilbur R. WATSON, Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

Thomas E. Turner, Mills, Spain & Mitchell, Madisonville, for appellant.

J. Quentin Wesley, Wathen & Wesley, Morganfield, for appellee.

REED, Judge.

This is a workmen's compensation case. Wilbur Watson received an injury to his feet and ankles as the result of a work-connected accident. At the time of his injury he was working as a section foreman for Island Creek Coal Company at its Hamilton Coal Mine. He was receiving a salary of $885 per month. Watson had worked in the coal mines for 18 years, the last 10 years of which he was engaged in a supervisory capacity. As a result of his injuries, he was off from work until August 4, 1969. At this time his duties were shifted from section foreman to supply foreman. His salary remained the same. Soon thereafter, however, he was promoted to instruction foreman and his salary increased to $925 per month. Later he was transferred to the job of mine foreman at another increase in salary, this time to $1,050 per month. Finally, in March 1970, he was elevated to the job of general mine foreman and his salary since then has been $1,155 per month.

In April 1970, Watson filed claim for workmen's compensation disability benefits. The board awarded him temporary total disability benefits from April 1969 until August 1969, but decided that he was not

disabled except that he was entitled to an allowance under the "price tag" statute, KRS 342.105, for the loss of the big toe on his left foot. The board confined its award to the statutory allowance for the severance of the toe.

Watson appealed the board's award to the circuit court. The circuit court remanded the claim to the board with direction that it award permanent partial disability not limited to the statutory allowance for the severance of the toe. The employer thereupon appealed to this court and contends that the circuit court was without authority to disturb the board's decision. We affirm the circuit court.

Watson was injured when both his feet were caught in the conveyor system. He had to have the big toe of his left foot amputated and he experienced vascular damage and skin problems with both feet. Much of the meaty portion of the sole of his left foot was removed. The foot remained discolored and was very sensitive to temperature changes. The medical evidence placed his overall functional disability at approximately 65 percent of the lower extremities and at about 30 percent of the body as a whole.

An orthopedic surgeon testified that from an occupational standpoint he rated Watson at between 50 and 60 percent of total disability for work in a coal mine as foreman or otherwise. The surgeon also stated that Watson would be a poor risk for employment in the mines. This physician noted that the patient would be subject to injury in that he could not get out of the way fast enough or move agilely enough on his feet so that further injury was to be anticipated.

Another orthopedist stated that Watson experienced a 30 percent occupational disability as far as a job not requiring him to be on his feet all the time was concerned; nevertheless, if the patient had to return to heavy labor this physician would consider him 100 percent disabled.

The general superintendent of the employer testified that because of the injuries Watson is, at present, unable to satisfactorily perform his duties and that it would be difficult for him to now satisfy the requirements of the particular job in which he was engaged at the time of his injury.

We agree with the employer, as stated in its excellently prepared brief, that the issue is whether the evidence was so strong as to compel a finding in Watson's favor on the issue of the existence of permanent partial disability under the principles of Osborne v. Johnson, Ky., 432 S.W.2d 800. We have already summarized the undisputed lay and medical testimony. It is also undisputed that after recovery from the immediate effects of the injury Watson has worked regularly, has been promoted and is now earning more than he earned at the time of his injury.

We see no real issue concerning the applicability of the "price tag" statute, KRS 342.105. Beyond question, the injury extended to both of Watson's feet and the impairment from which he suffers is caused by the condition of his feet and is not merely the result of the loss of his toe. Hence, the "price tag" statute is not his exclusive relief if he is entitled to be compensated under the principles of the Osborne case.

It appears to us that the board's own findings clearly demonstrate that it was satisfied that the undisputed · evidence clearly and preponderantly established that Watson sustained a severe and substantial permanent injury. The board, however, mistakenly believed that Watson's subsequent employment at increased wages precluded his right to be found permanently partially disabled.

In Codell Construction Co. v. Clyde Dixon, Ky., 478 S.W.2d 703 (rendered March 17, 1972) we considered our recent cases concerning the issue posed in this appeal. In the Dixon case we held that, there, the evi-

dence of the existence of permanent partial disability was not so strong as to compel the board to so find. In Dixon, however, we carefully pointed out that but for the testimony of a qualified physician to the effect that the injured workman had sustained no permanent partial disability, the weight of the evidence as a whole probably would have required a finding of permanent partial disability in some degree. We also noted in that opinion that if the physician's testimony of the nonexistence of occupational disability rested on the premise that the injured employee was able to work, it should not have been considered as having substantial probative value.

■ In this case, all of the evidence, both medical and lay, proves the existence of a severe and substantial injury with permanent consequences that are reflected in the ability to perform occupationally. Watson's work record and earnings since the injury do not prevent the application of the rule announced in Osborne and interpreted in Hawkins Brothers Coal Co. v. Thacker, Ky., 468 S.W.2d 256, Island Creek Coal Co. v. Williams, Ky., 469 S.W.2d 64, and in the Dixon opinion. In our view, the evidence required a finding of permanent partial disability not confined to the "price tag" statute. The extent of that permanent partial disability, nevertheless, is a function for the board to determine on the basis of all of the evidence before it. Watson's subsequent work record, promotions and increases in compensation may be weighed in determining the extent of his permanent partial disability, but these circumstances do not preclude his right to be presently compensated in some degree as the board mistakenly believed. It follows, therefore, that the action of the circuit court in remanding the case to the board was correct.

The judgment is affirmed.

All concur.