**Carl SIMMONS, Appellant,**

v.

**ISLAND CREEK COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

April 28, 1972.

Albert W. Spenard, Madisonville, for appellant.

Thomas A. Mitchell, Mills, Spain & Mitchell, Madisonville, for appellee Island Creek Coal Co.

Gemma A. Harding, Louisville, for Special Fund.

EDWARD P. HILL, Jr., Judge.

The appeal is from an order affirming an award by the Workmen's Compensation Board allowing appellant compensation for temporary total disability but denying his claim for permanent partial disability. We reverse the judgment with directions to remand the case to the Board for further proceedings.

The appellant was injured September 25, 1967, while performing hard manual labor for the appellee Island Creek Coal Company. He was hospitalized a total of 38 days and was not able to return to work until January 27, 1969, nearly 16 months after his injury.

In addition to appellant's own testimony, his treating physician, Dr. George Ainsworth, Madisonville, testified in appellant's behalf. The only other medical evidence in the record was provided in the report of Dr. K. Armand Fischer. Dr. Ainsworth testified that in his opinion the appellant was 30 percent functionally disabled, one-half of which was due to his injury and the other half ascribable to pre-existing osteoarthritis of the cervical spine.

Dr. Fisher's report fixed the appellant's permanent partial disability at 60 percent, 40 percent of which he attributed to a pre-existing condition. He testified that only 10 percent of appellant's permanent partial disability was due to the injury itself and 10 percent was attributable to the aggravation of the pre-existing arthritis.

As indicated above, the Workmen's Compensation Board declined to make an award for permanent partial disability in the face of the evidence above quoted.

We quote the following from the opinion and order of the Workmen's Compensation Board:

"* * * Claim was filed on May 26, 1967, and is therefore governed by the principles of Osborne v. Johnson, Ky., 432 S.W.2d 800.

"At the time he was injured, plaintiff's job required him to do hard manual labor. When he returned to work, he was given a 'push button or switch' job, since he was not able to return to his former work. But, since his wages have increased, he has failed to prove he sustained any permanent disability under the principles of *Osborne*. Our formal award to him of the benefits he has already been paid will protect his rights in case the residuals of his injuries impair his earning capacity in the future. As it is not necessary now to pass on the issues raised between the employer and the Special Fund, they may again be presented if it is necessary to reopen the case at a future date."

The appellant's wages after returning to work were in excess of his wages at the time of his injury, although his work after returning to the appellee Island Creek Coal Company's employ was light work, referred to in evidence and in the Board's order as a "push button or switch" job.

It is obvious to this court that the Board misinterpreted the opinion in Osborne v. Johnson, Ky., 432 S.W.2d 800, and found, solely by reason of the fact that the appellant was earning more money after returning to work after his injury than he was earning prior to the date of his injury, that he cannot recover compensation for permanent partial disability. Osborne does not so hold. We have held to the contrary on

numerous recent occasions. Island Creek Coal Company v. Taylor, Ky., 468 S.W.2d 318; Hawkins Brothers Coal Company v. Thacker, Ky., 468 S.W.2d 256; General Tire and Rubber Co. v. Rule, Ky., 479 S.W.2d 629 (decided March 31, 1972); and Island Creek Coal Company v. Watson, Ky., 479 S.W.2d 580 (decided March 31, 1972).

We find the same elements present in this case, so far as the seriousness of the injury and its permanent effect on appellant's future in the labor market, as were present in Island Creek Coal Company v. Springer and Workmen's Compensation Board, Ky., 479 S.W.2d 891 (decided April 28, 1972).

The judgment is reversed with directions to enter another remanding the case to the Workmen's Compensation Board directing that it award appellant some permanent partial disability and apportion that award between the appellee Island Creek Coal Company and the Appellee Special Fund according to law.

All concur.