**ISLAND CREEK COAL COMPANY,**
Appellant,

v.

**Jack SPRINGER and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

April 28, 1972.

Thomas E. Turner, Mills, Spain & Mitchell, Madisonville, for appellant.

J. Quentin Wesley, Wathen & Wesley, Morganfield, for appellees.

CULLEN, Commissioner.

Jack Springer was injured in a coal-mine accident in the course of his employment with Island Creek Coal Company. The Workmen's Compensation Board awarded him compensation, against Island Creek, for 50-percent permanent partial disability. On Island Creek's appeal to the circuit court judgment was entered affirming the award. We have here Island Creek's appeal from that judgment.

At the time of the accident Springer was 27 years of age. His regular job was as a shuttle-car operator, but he was operating a loader when the accident occurred. A slate fall knocked him to the ground, face-first, and the fall of additional slate crushed his face against the ground, causing multiple fractures of both cheek bones and both jaws, and breaking his nose and several teeth. Treatment of these injuries required him to undergo a series of surgical and dental procedures, involving a substantial period of hospitalization. The cheek-bone and jaw fractures were repaired but the bones were not restored to their original symmetry, and wires were installed permanently in his jaws, with the result that he cannot fully open his mouth. Despite extended work on his teeth they remain maloccluded, and he cannot chew food properly. He has substantially lost the hearing in one ear and the breathing passage on one side of his nose is blocked.

He has developed ulcers and complains of continuous pain which interferes with his sleep and requires him to take pain-relievers.

Despite the residual effects of the accident, Springer returned to his former job some 10 months after the accident and has since continued to work at that job and draw his former scale of pay. He claims, however, that the jarring of the shuttle car causes him great pain.

A dentist testified that Springer had a permanent injury to his mouth, and that while there was a possibility that satisfactory occulsion could be obtained, it could be accomplished only by "a lot of extensive dentistry," involving a great deal of recapping. An oral surgeon testified as to the nature of the residual injuries and gave no prognosis as to whether they could be remedied. He said that there had been nerve damage which would account for Springer's complaints of sensitivity to pain from heat or cold. He expressed the opinion that there was no reason, "from the injuries that I treated him for," why Springer should not be able to perform his regular duties.

An ear, nose and throat specialist testified that the nose blockage probably could be remedied, but that there was only a possibility that the hearing loss could be corrected by experimental procedures. He said that Springer could return to work "as long as there isn't a safety factor involved with exposure to noise where he had to hear signals, where his safety would be involved."

The appellant employer concedes the application of the rule of Osborne v. Johnson, Ky., 432 S.W.2d 800 at 804, that:

"* * * in those instances in which the workman has sustained no loss of immediate earning capacity but has incurred a permanent injury of appreciable proportions, the Workmen's Compensation Board, under KRS 342.110, can and should make an allowance for some de-

gree of permanent partial disability on the basis of the probability of future impairment of earning capacity as indicated by the nature of the injury, the age of the workman, and other relevant factors."

The employer maintains, however, that (1) the residual injuries in the instant case consist merely of facial disfigurement, which would not be calculated to impair earning capacity in Springer's occupation as a coal miner, and (2) in any event, there was no *proof* that Springer's residual injuries would cause a future impairment of his earning capacity.

There is no merit in the first point, because it is obvious from the record that Springer's injuries extend far beyond mere facial disfigurement, embracing impairment of hearing and breathing, inability to chew food, stomach ulcers (probably from worry), and pain. The injuries clearly were of "appreciable proportions" in the sense that they were of substantial proportions or of significant consequence. See Harry Gordon Scrap Materials, Inc. v. Davis, Ky., 478 S.W.2d 731 (decided March 17, 1972); Simmons v. Island Creek Coal Company, Ky., 479 S.W.2d 888 (decided April 28, 1972).

On the second point, it is correct that the burden of proof is on the claimant. See Mullins v. Superior Furniture & Manufacturing Company, Ky., 477 S.W.2d 775 (decided March 3, 1972). But as in any other case, the burden could be sustained by proof sufficient to raise inferences of the fact to be proved.

The facts here are comparable to those in Island Creek Coal Co. v. Williams, Ky., 469 S.W.2d 64, where the evidence was that the workman could perform his duties as a shuttle-car operator but suffered considerable pain in doing so, and where there was no testimony directly to the issue of impairment of future earning capacity.

By its very nature, the fact to be proved, i. e., probable ultimate reduction of earning capacity by a shortening of work life or a reduction of employment opportunities through a combination of age and physical impairment (see Osborne v. Johnson), is not capable of being proved with exactitude. The Workmen's Compensation Board must therefore be allowed considerable leeway in its factual determination. See Codell Construction Company v. Dixon, Ky., 478 S.W.2d 703 (decided March 17, 1972).

 It is our opinion that the workman's evidence in the instant case warranted inferences of future impairment of earning capacity sufficient to sustain the award made by the board. The board was entitled to consider the lay evidence as well as the medical. Cf. Island Creek Coal Company v. Watson, Ky., 479 S.W.2d 580 (decided March 31, 1972).

The judgment is affirmed.

All concur.