**Don ATCHER, Appellant,**

v.

**KENTUCKY STATE POLICE and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

June 23, 1972.

John W. Bland, Jr., Hatcher, Lewis & Bland, Elizabethtown, for appellant.

James M. Graves, William P. Swain, and Larry L. Johnson, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees.

STEINFELD, Chief Justice.

Appellant Don Atcher claimed compensation for permanent partial disability under the Workmen's Compensation law. KRS 342.110. The Board denied benefits and its decision was upheld on an appeal to the circuit court, from which judgment this appeal was taken. We affirm.

While appellant Atcher was engaged in the performance of his duties as a Kentucky State Police Officer, he was struck by shotgun pellets. The surgeon was unable to remove all of the pellets and a few are permanently lodged in his tissues. Atcher returned to his employment where his compensation at the time of the hearing before the Workmen's Compensation Board was greater than that which he was receiving when he was injured. He, his superior officer and the physicians testified that Atcher's activities as a police officer are not impaired by the imbedded pellets. One physician stated that the officer had sustained a 10–15 percent functional disability to the body as a whole, while the other estimated Atcher's functional disability to the body as a whole at 5 percent.

Atcher argues that under Osborne v. Johnson, Ky., 432 S.W.2d 800 (1968), as

construed by Hawkins Brothers Coal Company v. Thacker, Ky., 468 S.W.2d 256 (1971), and Island Creek Coal Company v. Taylor, Ky., 468 S.W.2d 318 (1971), the uncontradicted evidence showing the existence of a permanent disability required the Board to make an allowance to the workman.

The question is whether the evidence required the Board to find that Atcher had sustained a permanent bodily injury of appreciable proportions. Osborne v. Johnson, supra; Codell Construction Co. v. Dixon, Ky., 478 S.W.2d 703 (1972.) Codell teaches that the Board was authorized to accept the testimony of the physician who rated the functional disability at 5 percent and to disregard the appraisal of the other physician.

The total circumstances revealed by the evidence convince us that the Board was not required to find that Atcher had sustained a permanent bodily injury of substantial or significant proportions. Harry Gordon Scrap Materials, Inc. v. Davis, Ky., 478 S.W.2d 731 (1972.)

The judgment is affirmed.

All concur.