**Paul P. OLIVER and Workmen's Compensation Board, Appellant,**

v.

**PENNINGTON CONSTRUCTION COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 16, 1973.

As Modified on Denial of Rehearing
May 18, 1973.

———◆———

Fred F. Bradley, Frankfort, for appellant.

W. R. Patterson, Jr., Landrum, Patterson & Dickey, Lexington, for appellees.

CULLEN, Commissioner.

Paul P. Oliver, a 42-year-old brick mason, was injured when a concrete-block wall fell, knocking him from a scaffold some 17 feet to the ground. The Workmen's Compensation Board awarded him compensation against his employer for 50-percent permanent partial disability. On appeal by the employer, the circuit court entered judgment remanding the case to the board with directions "to lower the percentage of permanent partial disability." Oliver has appealed from that judgment, maintaining that the board's order should be upheld. The employer has cross-appealed arguing that the case should have been remanded with directions to enter an order denying any award for permanent disability.

In the accident, Oliver sustained compression fractures of the T–8, T–9 and L–1 vertebrae. However, the medical testimony was that the fractures had fully healed. The sole medical witness testified in substance that he could find no physical or objective evidences of any functional disability, and that from his examination Oliver was able to resume all of the duties of a brick mason. The doctor nevertheless gave his opinion that Oliver had "a permanent impairment of the back and I estimate that to be approximately 20% as related to the body as a whole." When pressed on cross-examination as to the basis for that opinion, the doctor answered affirmatively a question whether "your functional rating of 20% is based substantially on the fact that Mr. Oliver is continuing to make com-

plaints to you?" However, when asked whether Oliver's complaints of pain were "compatible with the type of injury he had received," the doctor replied that "it would be reasonable to assume that he will have some symptoms referrable to his back;" and he said that Oliver could be experiencing pain even though the physical examination did not reveal any defects.

Oliver's testimony was that he suffered severe pains in his lower back such as prevented him from performing the heavy tasks required in brick masonry work.

We have, then, a situation in which the claimant says he is suffering disabling pain, and the doctor, although unable to find any physical evidences of a cause of disability, does find the subjective complaints of the claimant valid to the extent of assigning a 20-percent functional disability by reason thereof. We think that such evidence warranted a finding that Oliver did have a functional disability of 20 percent. Cf. Commonwealth, Department of Highways v. Lindon, Ky., 380 S. W.2d 247; Ruby Construction Co. v. Curling, Ky., 451 S.W.2d 610; Eastern Coal Corporation v. Thacker, Ky., 290 S.W.2d 468; Meche v. Employers Liability Assurance Corporation, La.App., 206 So.2d 152.

The question, then, is whether Oliver has an occupational disability attributable to the functional disability, and if so, how much. The employer argues that since Oliver admits that he is not disabled from working as a supervisor of masonry work (for which he is qualified by experience) and since for several months after recovery from the immediate effects of the accident he worked as a brick mason, performing the heavy tasks of that occupation, he has sustained no loss of immediate earning capacity and therefore could be awarded compensation only on evidence (which the employer says does not exist) that he has a permanent injury of appreci-able proportions under the principles of Osborne v. Johnson, Ky., 432 S.W.2d 800. It is our opinion, however, that the evidence warranted the board's finding that Oliver has sustained an immediate loss of earning capacity. Although Oliver did attempt for several months to continue in regular work as a brick mason, he testified that he suffered severe pain when so doing and he could not perform properly the heavy tasks of the work. In a period of nine months he worked for three different employers. His evidence was that although he could supervise masonry work done by others, most employers wanted their supervisors to lay brick also. The mere fact that for nine months Oliver earned as much as or more than before his accident does not conclusively establish no loss of immediate earning capacity. Simmons v. Island Creek Coal Company, Ky., 479 S.W.2d 888. At the time of the hearing, Oliver had ceased doing physical labor and had organized a construction company. We think the evidence warranted the board's finding of 50-percent occupational disability.

Harry Gordon Scrap Materials, Inc. v. Davis, Ky., 478 S.W.2d 731, relied on by the employer, is not controlling, because there the evidence was conclusive that Davis had not sustained any loss of immediate earning capacity, and the only question was whether he had incurred an injury of appreciable proportions such as to indicate the probability of future impairment of earning capacity.

On the direct appeal the judgment is reversed with directions to enter judgment upholding the order of the Workmen's Compensation Board. On the cross-appeal the judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.